MRS. ALMA T. THACH *v.* CONTINENTAL TRAVELERS'
MUTUAL ACCIDENT ASSOCIATION.

(*Nashville.*   December Term, 1904.)

1. **COURT OF CHANCERY APPEALS.** Finding of facts is con-
clusive on supreme court, when.
    The finding of facts by the court of chancery appeals, where there
    is evidence to sustain it, is not subject to review in the supreme
    court.   (*Post, p.* 276.)

2. **FOREIGN CORPORATIONS.** Process cannot be served on
resident attorney acting in that capacity alone.
    Jurisdiction of a nonresident corporation cannot be obtained by
    service of process on a resident attorney who has been retained ·
    simply in that capacity; especially where it had never estab- '
    lished any agency or place of business in this State, nor had any
    agents here.   (*Post, pp.* 278-285.)

    Code cited and construed:   Secs. 4543-4546 (S.).

    Acts cited and construed:   1887, ch. 226.

    Cases cited, approved, and distinguished: Insurance Co. v. Sprat-
    ley, 99 Tenn., 332, 172 U. S., 603; State v. Insurance Co., 106
    Tenn., 287; Pope v. Manufacturing Co., 87 N. Y., 137; Harshey
    v. Blackmarr, 89 Am. Dec., 520.

3. **PLEA IN ABATEMENT.** To jurisdiction is not waived by
answer to the merits, when.
    An answer to the merits, after a plea in abatement to the juris-
    diction has been overruled, will not confer jurisdiction, and
    will not deprive the defendant of his right to rely, in the
    supreme court, upon the overruled plea in abatement.   (*Post,
    pp.* 285-287.)

    Acts cited and construed: 1897, ch. 121.

Thach v. Continental Travelers' Mutual Accident Association.

4. **SAME.** Pleas in abatement and in bar may be filed simultaneously, or plea in abatement may be filed independently, and if overruled, then a plea in bar may be filed.

Pleas in abatement and pleas in bar are not required to be filed simultaneously, but may be so filed; or a plea in abatement may be filed independently, and if it is overruled, a plea in bar may then be filed. (*Post, pp.* 287, 288.)

Acts cited and construed: 1897, ch. 121.

Cases cited and approved: Railroad v. McCollum, 105 Tenn., 624; Sewell v. Tuthill, 4 Cates, 271.

FROM FRANKLIN.

Writ of error from the Chancery Court of Franklin County.—T. M. MCCONNELL, Chancellor.

W. T. SANDERS, H. C. THACH, and LYNCH & LYNCH, for complainant.

O. W. ANDERTON and ESTILL & LITTLETON, for defendant.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The object of this bill is to recover from the defendant association $2,000, with interest, on an accident policy issued by defendant to Dr. Stephen D. Thach, the husband of complainant. The indemnity provided by

the policy was against death as a result of a "physical bodily injury, through external, violent and accidental means." The policy was issued on the 18th of June, 1898, and Dr. Thach died in Franklin county, Tennessee, October 1, 1900.

It is alleged in the bill that notice of the injury and death of the insured, accompanied by the proper proofs thereof, was given to the defendant in accordance with the provisions of the policy. It was also alleged that the defendant had been doing business in this State, soliciting and issuing insurance policies, but, so far as known to complainant, it has no resident agent in this State, except an attorney at law, O. W. Anderton, who is its attorney and agent at Winchester, Tennessee. Process was served upon said attorney, as agent of the defendant association, and a copy of the same, together with a copy of the bill, was mailed to its home office, as prescribed by the statute. On the 10th of June, 1901, defendant, by counsel, interposed, a plea in abatement to the jurisdiction of the court; stating therein that it entered its appearance for this purpose.

It is averred in the plea that defendant is a corporation of the State of Indiana, and organized as such under the laws of that State; that it is a mutual company, and has no capital stock; that its office and principal place of business are in the city of Indianapolis, Indiana; that it has no other office or place of business; that it has not now and never had an office or agency

in Tennessee, or any other State outside of the State of Indiana, and when this suit was instituted, and process issued thereon, and its alleged service was made, it had no office or agency in Tennessee; and that no person or persons were authorized to represent it as agent in said State.   It is further averred in the plea that at no time did Mr. Anderton, the attorney upon whom the process was served in this case, have authority as agent to act for it, and that when this suit was brought, and the process was served upon him, he was not its agent, attorney, or representative in any capacity, and that he is not now its agent or attorney in any matter or thing. It is further averred in the plea that no subpoena or notice of the filing or pendency of this action has ever been served upon it or its president, or upon any one authorized to accept service for it, and that it is not now and never has been engaged in transacting or doing business as an insurance company in the State of Tennessee.   This plea is verified in the manner prescribed by law, and complainant joined issue on it.

It appears that on the nineteenth of June, 1903, the chancellor overruled the plea in abatement, adjudging that Mr. Anderton was, in the sense of the statute, an agent of the defendant association, and that service of process upon him was sufficient, and gave the court jurisdiction of the case.   The company thereupon asked leave and was granted thirty days in which to file an answer, but, as a matter of fact, its answer was not filed until May 23, 1904.   It is presumed that a further ex-

Thach v. Continental Travelers' Mutual Accident Association.

tension of time to file the answer was granted by the court or extended by the courtesy of counsel.

The company, in its answer, admits that Dr. Thach had a policy in said association at the time of his death, and admits that he came to his death about the time stated in the bill, but denies that his death was the result of accidental means. The following clause in the policy is then set out as follows:

"This certificate of insurance does not cover injuries nor death of which there is no visible mark upon the body of the insured, nor does it cover acts committed by the insured while under mental aberration, nor shall it cover suicide, whether the person is sane or insane; nor shall it cover accidental injury received while following any occupation other than that named by the insured in his application for insurance, except as provided in paragraph 2 hereof."

It is then averred in the answer that Dr. Thach came to his death by his own hand, having committed suicide on or about October 1, 1900, and that thereby the company is exonerated from all liability under said policy.

Proof was taken, and on the final hearing the chancellor adjudged liability against the company for the full amount of the policy, with interest thereon; making, in all, a recovery of $2,428.33.

The court of chancery appeals affirmed the decree of the chancellor. The cause is now before this court on writ of error sued out by the defendant company.

Two errors have been assigned:

(1)    The court erred in finding the issues  tendered by the plea in abatement in favor of complainant and against the defendant.

It is insisted that, upon the facts found and reported by the court of chancery appeals, that court should have held that the insurance company was not subject to the jurisdiction of the courts of Tennessee, and the plea in abatement should have been sustained.

(2)    The court of chancery appeals erred in finding that Dr. Thach came to his death from an accidental discharge of his pistol in his left hand, and that he had not committed suicide.

It is obvious that this last assignment of error raises purely a question of fact, and, there being evidence to sustain it, that finding is not subject to review in this court.

The only question left open upon the record is whether or not the court of chancery appeals erred in overruling the plea in abatement.

The facts found by the court of chancery appeals on the issues raised by the plea in abatement are as follows:

Defendant association is a corporation of Indiana, having its home office and principal place of business in the city of Indianapolis, in that State.    It does not appear to have had any regular or established agency or agents or place of business in this State, nor did it have any subordinate lodges, bodies, etc., in this State.    On being notified of the death of Dr. Thach on the first of

October, 1902, the secretary of defendant association shortly thereafter appeared in Winchester, Tennessee, and employed Mr. O. W. Anderton, an attorney at law, to defend it in the event suit was brought to recover on the policy. Shortly after this a bill was filed in the chancery court of Franklin county against defendant association to recover $5,000, the face value of the policy. The court of chancery appeals infers that process in that case was served on Mr. Anderton. Mr. Anderton associated with him Hon. Jesse M. Littleton in the defense of that suit. These gentlemen filed a petition on behalf of the company, and had their cause removed to the federal court at Nashville. Counsel for the complainant below notified counsel for the defendant association that they intended to dismiss the case in the federal court, and sue in the State court for $2,000. Mr. Anderton notified the defendant company of this information. The defendant company thereupon wrote him, when the case was dismissed in the federal court, to wire his resignation as its attorney, and this he did as soon as he heard of the dismissal of the suit in the federal court, and his resignation was accepted.

Mr. Anderton states in his deposition that he does not know whether or not it was the object of the defendant, in having him wire his resignation as its attorney, to defeat jurisdiction of the suit in said court, but says this was suggested between him and his associate counsel. He said he never heard of Littleton resigning when he did, but that he had employed him. He is not cer-

tain whether he wired his resignation before the bill in
this case was filed in the State court, or between the
time it was filed and the process was served upon him.
All he remembers about it is that his telegram resigning
was sent on Sunday. He states that, under his original
employment, he looked up evidence and investigated the
case before any suit was brought.   He was asked when
he was employed as an attorney, and by whom, and re-
plied, "Mr. Littleton told me he wanted me to help him
in the case shortly after process was had." He further
states that he had no further communication with the
defendant since his resignation, that he remembers, but
he believes Mr. Littleton wrote a letter or two to the
company, and that he signed his name along with his to
the letter.   He further states that the secretary of the
defendant association had employed him as a lawyer,
and in no other capacity.   He further stated in his
deposition that Mr. Littleton represented him in all the
cases brought, and that both he and Littleton are now
representing defendant in this case.

The process in the present case, as already stated,
was served upon Mr. Anderton.   The court of chancery
appeals held that, under our statute and decisions, the
service upon Anderton was sufficient. The Acts of 1887,
page 386, chapter 226, embodied in  Shannon's Code,
secs. 4543-4546, provides in the first section of the act:

"That any corporation claiming existence under the
law of any other State, found doing business in this
State, shall be subject to suit there to the same extent

that corporations of this State are, by the laws thereof, liable to the same, so far as relates to any transaction had in whole or in part within this State, or in case of action arising here, but not otherwise."

The second section of the act provides:

"Any corporation having any transaction with persons, or having any transactions concerning any property situated in this State through any agency acting for it within this State, shall be held to be doing business within the meaning of section 1 of this act."

Section 3 of the act provides:

"Process may be served upon any agent of said corporation that is within the county where the suit is brought, no matter what character of agent such person may be, and in the absence of such agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time of the transaction out of which the suit arising took place," etc.

The constitutionality of these acts was challenged in *Life Ins. Co.* v. *Spratley,* 99 Tenn., 332, 42 S. W., 145, as violative of articles 5 and 14 of the amendment to the constitution of the United States, and of section 17, article 1, of the bill of rights to the constitution of this State. Its constitutionality, however, was upheld by this court, and its decree affirmed on the writ of error by the supreme court of the United States, reported in 172 U. S., 603, 19 Sup. Ct., 308, 43 L. Ed. 569. The facts of that case, briefly stated, are:

That the insurance company was a foreign corporation organized under the laws of the State of Connecticut to carry on a life insurance business, and had its home office in the city of Hartford.    For many years prior to the year 1894 it actively prosecuted its work in the State of Tennessee; soliciting applications for life insurance, and issuing policies upon such applications as were approved by its officers.    In the year 1889 and afterwards, in the year 1893 an agent of this company was in the State of Tennessee, and, by his solicitations, induced one B. R. Spratley, a citizen of this State, to apply for insurance on his own life; and upon these applications the complainant company issued two policies, which were both delivered in this State.    In the year 1896 B. R. Spratley died, and proof of his death was forwarded to the company.    Very soon thereafter complainant sent O. N. Chaffee, one of its employees, into the State to investigate this claim, and the condition under which this death occurred.    He came, and had interviews with the beneficiary, Mrs. Spratley, her brothers, and other parties, all of which he reported to his home company.    Chaffee visited Mrs. Spratley, and submitted an offer to settle on the terms communicated to him by his company, but this offer was declined. While in this State on the business and occasion referred to, suit was instituted by the beneficiary against the insurance company for the amount alleged to be due on these policies, in the circuit court of Shelby county, and process was served on Chaffee as agent of the com-

pany.    Notice was then given the company of the bring-
ing and pendency of the suit in compliance with chapter
226, page 386, of the Acts of 1887.

It will be observed from the report of this case that
at the time the death occurred the company was not
transacting business in the State of Tennessee, and had
no resident agent here.    It further appears that Chaf-
fee, its agent, was sent into this State only for the pur-
pose of investigating this claim, and the conditions un-
der which the death occurred.    While here on that busi-
ness he was served with process, and this court held
that the service was authorized by the acts already cited,
embodied in sections 4543-4546, Shannon's Code.    It
will be observed that section 3 of that act provides that
"process may be served upon any agent of said corpora-
tion that is within the county where the suit is brought,
no matter what character of agent such person may be,"
etc.

This court cited with approval *Pope* v. *Terre Haute
Car Mfg. Co.,* 87 N. Y., 137, in which the following lan-
guage was approved:

"The object of all service of process for the commence-
ment of a suit or any other legal proceeding is to give
notice to the party proceeded against, and any service
which virtually accomplishes that and answers the re-
quirements of natural justice and fundamental law.
What service shall be deemed sufficient for that purpose
is to be determined by the legislative power of the
country in which the proceeding is instituted, subject

only to the limitation that the service must be such as may be reasonably expected to give the notice aimed at."

The court of chancery appeals further finds that defendant association desired to avoid the jurisdiction of the State court, while complainant desired to invoke that jurisdiction. That court, however, finds as a fact that Mr. Anderton was an agent of the insurance company, within the meaning of the third section of Acts 1887, page 387, chapter 226.

It is insisted on behalf of defendant association that, upon the facts found, the court of chancery appeals should have held that the insurance company was not subject to the jurisdiction of the courts of Tennessee, and the plea in abatement should have been sustained. It is insisted that, to obtain jurisdiction of a foreign corporation in the courts of this State, such corporation must be doing business in the State, through some agency acting for it within the State. Prior to the act of 1887, foreign corporations could only be sued in the courts of the State where they had a local office and resident agent. By the terms of the second section of the act of 1887, the business done in the State that subjects the corporation to the jurisdiction of the court must have been done through some agency acting for the corporation within the State. It is insisted that, under the findings of the court of chancery appeals, the defendant is an Indiana corporation, and had no office or agency of any character in this State, and that all the business it ever did in this State was to retain an attor-

Thach v. Continental Travelers' Mutual Accident Association.

ney to look after this suit in Franklin county, if one should be brought.

The opinion of the supreme court of the United States in *Insurance Co.* v. *Spratley,* reported in 172 U. S., 602, 19 Sup. Ct., 308, 43 L. Ed., 569, is invoked, wherein that court said as follows:

"The agent had not, so far as the case shows, received any express authority from the company to receive service of process.

"The court does not hold, nor is it intimated, that none but an agent who has authority to make contracts of insurance in favor of the company could be held to represent it for the purpose of the service of process. It is a question simply whether a power to receive service of process can reasonably and fairly be implied from the kind and character of the agent employed."

It is therefore insisted that Anderton was only employed to represent the company in the event a suit should be brought, and that it cannot therefrom be reasonably and fairly implied, from the kind and character of an agent that Anderton was, that he had power to receive service of process.

We are of opinion that this contention is well made, and that Anderton was not the kind and character of agent upon whom process could be served to give the court jurisdiction of the defendant association. The only fact found by the court of chancery appeals to establish the agency of Anderton is that he was employed in the capacity of an attorney to defend any litigation

against it that might grow out of the death of Dr.
Thach. The employment was by the secretary of the
association, who visited Tennessee for the purpose of
making an investigation of the conditions of the death,
and on his return to Indianapolis he sent a check for
the sum of $20 to Mr. Anderton as a retainer fee. It is
clear from the findings of the court of chancery appeals
that Mr. Anderton had no connection whatever with
this association, except as an attorney. It is true that
under his employment he looked up evidence and inves-
tigated the case before any suit was brought; that he
talked to Dr. Murrell about the case, and procured his
statement. But all this was done in the capacity of an
attorney. It further appears that the only business
transacted by the defendant association in the State of
Tennessee was to issue to the assured a policy, without
the instrumentality of either a local or traveling agent.

In the case of *State* v. *Insurance Co.,* 106 Tenn., 287,
61 S. W., 75, this court, through Judge Wilkes, in differ-
entiating the case of *Conn. Mutual Ins. Co.* v. *Spratley,*
supra, from the case then on hand, said of the *Spratley*
case (1) that the company had done business and had
the transaction out of which the suit arose in Tennessee;
(2) that Chaffee, as agent, had come into Tennessee in
a representative capacity; (3) that he had come with
respect to the original Tennessee transaction; (4) that
undeniably an agent of the company was in Tennessee,
and in a representative capacity, and consequently the
sole question was whether, under such circumstances,

Thach v. Continental Travelers' Mutual Accident Association.

process could be served on the agent so as to bind the company. It was held, under the peculiar statute, that it could.

In the present case it does not appear that the original transaction, viz., the issuance of the policy, had taken place in the State of Tennessee; nor was Mr. Anderton acting in the capacity of an agent, but simply as an attorney to defend the litigation in the event a suit might be brought.

Now, we think, upon the facts found by the court of chancery appeals, that the jurisdiction of a nonresident corporation may not be obtained by service of process on a resident attorney who has been retained simply in that capacity.

It was held in *Harshey* v. *Blackmarr*, 89 Am. Dec., 520, that "an attorney at law cannot, without special authority, admit service of jurisdictional process upon his clients." Nor, we may add, is an attorney the kind or character of agent contemplated by the act of 1887, upon whom process could be served. It is said, however, that the answer filed by the defendant after the overruling of the plea in abatement gave the court jurisdiction. It is insisted that by answering the bill the insurance company was deprived of its right to assign as error the action of the chancellor in overruling the plea in abatement.

It appears the original bill was filed on the tenth day of May, 1901, and the plea in abatement was filed on the tenth day of June, 1901. The cause was heard on the

plea in abatement on the seventeenth day of June, 1903, when the same was overruled. Defendant did not except to the action of the court in overruling the plea in abatement, but in the decree it was recited that, upon motion of the defendant's counsel, defendant is allowed thirty days in which to answer complainant's bill. The cause was heard by the chancellor on the proof July 25, 1904, and a decree pronounced in favor of complainants. No appeal was prayed, but the cause was brought to this court upon a writ of error. It is now insisted that this court cannot look to the question raised by the plea in abatement, for two reasons: (1) Because the answer to the merits waived the plea in abatement. This cannot be true, since Acts 1897, p. 277, c. 121, which provided (section 1) that a defendant has the right, upon the overruling of a plea in abatement for any cause, filed by him to any action, to plead to the merits, and rely upon any defenses as if said plea had not been interposed.

Section 2 provided that a defendant can in any suit plead both in abatement and in bar at the same time, and said plea in bar is no waiver of the plea in abatement, and, when so pleaded, both pleas shall be heard at the same time, and judgment rendered on each plea.

It is insisted that section 1 does not give the defendant the right to plead to the merits, and still rely upon a plea in abatement that has been overruled; and this for the reason that said section expressly provides that, after the overruling of a plea in abatement, the defend-

Thach v. Continental Travelers' Mutual Accident Association.

ant may plead to the merits as if said plea had not been interposed. In other words, after the overruling of a plea in abatement, the defendant has the election to either stand on his plea, or plead to the merits; that is to abandon his plea in abatement, and treat it as if it had never been interposed. Moreover, it is insisted on behalf of the defendant in error that the act of 1897 is mandatory, and both pleas should be filed simultaneously.

In *Railroad* v. *McCollum*, 105 Tenn., 624, 59 S. W., 136, this court, in construing this act, said:

"It will be noticed that in the first section defendant was given the right, upon the overruling of a plea in abatement, to plead to the merits, and rely upon any defenses, as if said plea had not been interposed. The second section is not so broad in its terms, but, we think, must have the same construction. . . . The spirit and intent of the act seems to be to do away with the former necessity of standing by pleas in abatement, and succeeding or failing upon that defense alone in a single issue, and to give the parties the right to do all their pleading at the same time, if they wished."

The title of this act also indicates that it was not the purpose of the legislature to require the filing of the plea in bar and the dilatory plea at the same time, for the caption is, "An act to permit a defendant to plead to the merits in any suit where a plea in abatement has been overruled and to permit a plea in bar to be filed at the same time of the filing of the plea in abatement and to provide how the issues are to be tried."

It is obvious that, under the second section of this act, the two pleas may be interposed simultaneously, if the pleader so desires; but under the first section he may in-interpose his plea in abatement independently, and, if that is overruled, he may then file his plea in bar.

While the precise point we are now considering was not presented in *Sewell* v. *Tuthill*, 4 Cates, 271, 79 S. W., 376, decided by this court at its December term, 1903, it was held that, upon judgment being rendered against a plea in abatement, either upon motion to strike out, or upon being set down for argument upon its sufficiency, or upon demurrer, or upon an issue as to its merits, the defendant has the right to plead over. This case also involved a construction of the act of 1897, the insistence being made by the appellants that defendant had the right to plead over only when a plea in abatement had been stricken out as frivolous or over-ruled on demurrer, or when it was held insufficient; but this court overruled that contention, and held that, when a plea in abatement was overruled upon an issue as to its merits, the defendant still had the right to plead over. We are entirely satisfied with this construction of the statute, and adhere to it. It results that, in our opinion, Anderton was not an agent of defendant company upon whom process might be served under the act of 1887, and that the plea in abatement was properly filed, and should have been sustained. The decrees of the chancellor and the court of chancery appeals are re-versed, and complainant's bill is dismissed, with costs.