DELTA INS. & REALTY AGENCY *et al. v.* FOURTH NAT. BANK OF MONTGOMERY, ALA.*

(Division B.  Feb. 28, 1927.)

[111 So. 435.  No. 26303.]

CORPORATIONS. *Jurisdiction of foreign corporation suing in state is not obtained by service of summons on its attorney; he not being its "agent" (Hemingway's Code, section 4094).*
Service of summons on one who as attorney for foreign corporation is suing on notes for it in the state is not such service on it as will give jurisdiction of it, it by reason of suing on the notes not being found doing business in the state, and an attorney who is merely representing a foreign corporation in the collection of a debt in a court of the state not being an "agent" of it, within Hemingway's Code, section 4094.

*Corpus Juris-Cyc. References: Corporations, 14aCJ, p. 1408, n. 25; p. 1409, n. 35. Acquiring jurisdiction over foreign corporation by service of process, see annotation in 70 L. R. A. 532; 21 R. C. L. 1348.

APPEAL from chancery court of Leflore county.
HON. J. W. DULANEY, Special Chancellor.

Suit by Gwin & Mounger against the Alabama Fidelity Mortgage & Bond Company and others, in which it was sought to make defendant the Fourth National Bank of Montgomery, Ala. From decree holding that jurisdiction of the bank was not obtained, the Delta Insurance & Realty Agency and others appeal. Affirmed.

*Gwin & Mounger* and *Simon Rosenthal,* for appellants.

A. F. Gardner was an attorney of the Fourth National Bank of Montgomery and consequently an agent of said bank. His agency was for the purpose of securing a judgment on or payment of the same notes involved in this litigation. It was his business to attend to the interest of his clients in said notes—the subject-matter of his agency. A summons on A. F. Gardner in litigation involving the identical notes or subject-matter was sufficient to subject the Fourth National Bank to the jurisdiction of the chancery court in all matters relating to the subject-matter of his agency. Section 4088, Hemingway's Code (section 914, Code of 1906), interpreted by the supreme court in *Pullman Palace Car Co.* v. *Lawrence,* 74 Miss. 782, 22 So. 53.

Whenever a non-resident comes into the state, he subjects himself to the jurisdiction of the state, and if personally served with process in this state, may be proceeded against the same as any permanent resident. *Pennoyer* v. *Neff,* 95 U. S. 715, 24 L. Ed. 565.

Our statutes provided the method of serving process on corporations. Process may be served on any agent of the corporation. Section 4093, Hemingway's Code (section 919, Code of 1906).; section 4094, Hemingway's Code (section 920, Code of 1906).

Counsel for appellant concede that in instituting and prosecuting a suit a foreign corporation is not doing business within the meaning of the statute to subject it to service of process for another transaction, different and distinct from the action itself, but we do contend

that in all matters relating to the cause of action or subject-matter of the suit, the corporation is doing business within the meaning of the statute and process may be served or any agent representing the corporation in that particular transaction. *Hill* v. *Empire State-Idaho Mining & Developing Co.,* 156 Fed. 797 at 809.

That an attorney is an agent is a well-settled rule of law. See *Equitable Securities Co. et al.* v. *Sheppard,* 78 Miss. 217, 28 So. 842; Mechan on Agency (2 Ed.), section 2175; *Eggleston* v. *Broadman,* 37 Mich. 14, 19. After final decree reciting proper process, the burden was upon the defendant to show the contrary. Instead of showing fatal process, they have clearly shown the process to be regular in all respects. *Quarles* v. *Hiern,* 70 Miss. 895; 14 So. 23; *Morehead* v. *Chaffe Bros. & Son,* 52 Miss. 161; *Bigby and Husband* v. *Lefreve et al.,* 58 Miss. 639.

Irregularities in the process of a court do not make the judgment void, and the process could have been amended as to cure the irregularity, if the defendant had so appeared at some time in the lower court and made objection to the irregularities in the process. *Kelly* v. *Harrison,* 69 Miss. 856, 12 So. 261.

*Osborn & Witty* and *Gardner, Odom* and *Gardner,* for appellee.

The statutes of Mississippi and the decisions of this court are clear and unambiguous in laying down the rule under which a foreign corporation may be sued in Mississippi. See section 4093, Hemingway's Code.

I. *This bank was never "doing business" in Mississippi.* The words "doing business" have a well-defined meaning under the decisions of this and countless other courts. *Saxony Mills* v. *Wagner,* 94 Miss. 233, 47 So. 899, 23 L. R. A. (N. S.) 834, 19 Ann. Cas. 199; *Harleston* v. *West La. Bank,* 129 Miss. 111, 91 So. 423; *Long Beach Canning Co.* v. *Clark,* 106 So. 647.; *City Sales Agency* v. *Smith,* 126 Miss. 195, 88 So. 625.

Numerous authorities are collected in Volume 3, 1st Series, Words & Phrases, page 113, under the same title. In the volumes and on the pages mentioned, Words & Phrases has quoted the authorities in this country which deal with the question as to whether a foreign corporation which merely brings a suit in another state is deemed to be doing business in that state.

Under the authorities when this Alabama bank merely sent notes which it owned and held in Alabama to an attorney at Greenwood, Mississippi, for collection and that attorney brought suit on the notes and obtained judgment, certainly this bank was not doing business in Mississippi so as to subject itself to a suit here.

II. *Granting that the bank was doing business in Mississippi, the summons served upon A. F. Gardner as its agent, did not and could not operate to acquire jurisdiction of the bank.* Under our statutes this summons must have been directed to the bank rather than its agent. The form of the summons makes it a writ to A. F. Gardner, agent, as defendant, rather than to the bank. Sections 2920, 2921, Hemingway's Code; 20 Pleading & Practice, page 1136; *Terbune* v. *Parrott,* 59 N. J. L. 16; *Vogel* v. *Brown Township,* 112 Ind. 219, 2 A. S. R. 187; *Burnett & Goodman* v. *Central of Ga. R. R. Co.,* 97 A. S. R. 175; *State* v. *Y. & M. V. R. R. Co.,* 49 L. Ann. 1417, 20 So. 911.

The authorities all speak one way, that an attorney is not an officer upon whom summons can be served to bind a non-resident. One of the leading cases is the case of *Moore* v. *Freeman's Nat'l Bank,* 92 N. C. 590. See also 21 R. C. L., page 1351.

This whole proceeding is absolutely void, because there has never been any sort of appearance by appellee to any suit brought by Gwin & Mounger, creditors of the appellants, nor has there ever been any service of summons on any ''agent'' representing appellee, as required by section 4094. In other words, appellee has never

been "found doing business in this state." · And, therefore, there can be no sort of liability on the part of appellee to appellants, or to any one else connected with this suit.

Argued orally by *S. Rosenthal,* for appellants, and *F. M. Witty,* for appellee.

Holden, P. J., delivered the opinion of the court.

Gwin & Mounger filed a supplemental bill alleging that since the filing of their original bill setting up the indebtedness of the Alabama Fidelity Mortgage & Bond Company to them, and the indebtedness of the Delta Insurance & Realty Agency and Shelby S. Steele, to said Alabama Fidelity Mortgage & Bond Company, they had learned that the Fourth National Bank of Montgomery, Ala., claimed to own the promissory notes executed by the Delta Insurance & Realty Agency and Steele, and complainants prayed that said Fourth National Bank be made a party defendant to the suit.

The Fourth National Bank was a foreign corporation of the state of Alabama. Publication was made for three weeks in a daily newspaper, in Greenwood, for the defendants, and for the Fourth National Bank, and summons was issued commanding A. F. Gardner to appear as agent of the Fourth National Bank and answer the suit. A. F. Gardner was merely an attorney for the Fourth National Bank, and was, at the time, endeavoring to collect, by suit in another court, notes aggregating one thousand five hundred dollars involved in the litigation between Gwin & Mounger and the Delta Insurance & Realty Agency and Steele.

The only question presented on the appeal is whether or not service of the summons on A. F. Gardner, as attorney for the Fourth National Bank of Montgomery, Ala., who was its attorney, for the purpose only of suing on three notes for the bank in another court, is such

service on a foreign bank as would give the court jurisdiction to proceed to judgment against the bank.

It also appears from the record that this foreign bank, the Fourth National Bank, had not been "found doing business in this state," because the only business the bank had in this state was the suit for the collection of the three notes. This, certainly, was not doing business in this state.

The summons was addressed to A. F. Gardner, agent of the Fourth National Bank. This form of summons was irregular, because the form prescribed by law is that the corporation be summoned by name, and service be had on its agent; but we pretermit a discussion of this question, because not necessary to do so.

We do not think that, under sections 4093, 4094, Hemingway's Code, the court obtained jurisdiction to proceed against the Fourth National Bank, of Montgomery, Ala., and the lower court properly so held.

A. F. Gardner, who was acting as attorney for the Fourth National Bank of Montgomery, Ala., in the collection of three notes, was not an "agent of said corporation found within the county where the suit was brought," etc.

An attorney who is merely representing a foreign client in the collection of debt in a court of this state is not an agent of such foreign corporation, upon whom service in another suit may be served. Said section 4094 cannot be construed to have any such meaning.

In order to get jurisdiction over a foreign corporation by service of process upon any of its agents, the person served as agent must, in fact, be agent of the corporation, and not merely an attorney in some particular piece of litigation.

A. F. Gardner was not agent within the meaning of the statute. Therefore no jurisdiction was obtained over the Fourth National Bank of Montgomery, Ala., and the ruling of the lower court was correct, and the decree is affirmed.

*Affirmed.*