### WICA, Inc. v. WWSW, Inc. et al.
### No. 10941.

United States Court of Appeals
District of Columbia Circuit.

Argued May 16, 1951.

Decided July 19, 1951.

---

Eliot C. Lovett, Washington, D. C., for appellant.

Harry P. Warner, Washington, D. C., with whom Paul M. Segal, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

PROCTOR, Circuit Judge.

Appellant (plaintiff) sued for damages for breach of contract. A summons to answer was issued against each defendant corporation. At direction of plaintiff's attorney the Marshal served the summons against WWSW, Inc. "by serving Paul M. Segal." Similarly, the summons against WEBR, Inc. was served upon Louis G. Caldwell. In each instance service was so directed upon the theory that the individual served was the agent of the corporation. The defendants, appearing specially, moved to quash the service.

The following undisputed facts were shown: Plaintiff and defendants were each incorporated in different states; none had a place of business or resident agent in the District of Columbia. As the result of a consolidated hearing before the Federal Communications Commission, involving applications of said corporations for operative changes in their radio stations, and at the instance of the Commission, the parties compromised their differences upon a basis permitting operation of all three stations. The agreement took the form of letters exchanged between the attorneys, with the authority and approval of the clients. Copies of the letters were filed with the Commission as the basis for its orders disposing of the controversy agreeably to the compromise. A sum of money was paid to plaintiff by the defendants as required by the agreement. This, too, was done through the attorneys in Washington. The present suit is based upon an alleged breach of the agreement in a failure to pay certain additional sums claimed by the plaintiff. Mr. Segal was a member of a Washington law firm retained by WWSW, Inc. on an annual basis to represent it before the Commission. He was specifically authorized to act as its attorney in said proceedings. Mr. Caldwell was a member of a law firm retained by WEBR, Inc. on a monthly basis to represent it, when so directed, in matters before said Commission. He did act as its attorney in said proceedings. At the time of service of process upon Messrs. Segal and Caldwell, their only relationship to their respective clients was as members of law firms acting as attorneys for said clients under the retainer agreements.

The District Court quashed process against both corporations. This appeal follows.

Appellant invokes the second paragraph of Section 103, Title 13, D.C.Code, 1940 Edition, to support its contention that service of process upon the attorneys constituted effective service upon the corporations. The paragraph is as follows: "When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the

District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

Appellant argues (1) that making the agreement, and partially performing the same in the District of Columbia through the attorneys, constituted a *transacting of business* therein; and (2) that attorneys Segal and Caldwell, by virtue of their retainer contracts and the authority reposed in them in connection with the compromise agreement, became agents of their nonresident corporate clients upon whom process might be served in the present suit growing out of the contract entered into and partially performed within the District. The appellees dispute both contentions.

We think all the services rendered by Messrs. Segal and Caldwell fell within the attorney-client relationship, which prevailed throughout the circumstances related. The fact that the retainer agreements were for stated intervals did not alter the situation. Negotiation of the compromise agreement and settlement of the same as authorized by the clients did not convert the relationship into that of principal and agent. Settlement of the proceedings before the Commission was akin to settlement of litigation before a court. The acts of the attorneys in carrying out the details of the accord, although specially authorized by the clients, were none the less legal services rendered within the scope of the attorney-client relationship.

We hold that Messrs. Segal and Caldwell were not agents within the meaning of the statute.[1] In view of this conclusion we need not decide whether the defendant corporations were transacting business in the District within the meaning of the statute, and we refrain from doing so. The order of the District Court quashing the returns of service is

Affirmed.

1. Cf. Shainwald v. Davids, D.C.N.D.Cal. 1895, 69 F. 701; Delta Ins. & Realty Agency v. Fourth Nat. Bank, 1927, 146 Miss. 11, 111 So. 435; Taylor v. Granite State Provident Ass'n, 1893, 136 N.Y. 343, 32 N.E. 992; Thach v. Continental Travelers' Mut. Acc. Ass'n, 1905, 114 Tenn. 271, 87 S.W. 255. See also 18 Fletcher, Cyclopedia, Corporations § 8737 (1933).