10 N.J. Super. 588 (1950)
77 A.2d 511
ANTHONY PAGANO, PLAINTIFF,
v.
KRISPY KERNALS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided June 9, 1950.
*589 Mr. Charles Bressler, attorney for the plaintiff.
Messrs. Markley & Broadhurst, attorneys for the defendant.
PROCTOR, J.S.C.
Defendant moves for an involuntary dismissal pursuant to Rule 3:41-2, for failure of the plaintiff to cause a summons to issue within five days after filing the complaint, and for failure of the plaintiff to prosecute the action for six months after filing the complaint.
From the affidavits submitted it appears that the suit was brought in two counts, one in warranty and the second in negligence, wherein the plaintiff alleges that on August 29, 1947, he purchased a package of salted nuts manufactured by the defendant and while eating them was injured by a foreign substance concealed therein. On August 26, 1949, plaintiff filed his complaint with the Clerk of the Superior Court. On *590 March 30, 1950, the defendant was served with a summons and a copy of said complaint. The summons is dated March 29, 1950.
Plaintiff's counsel asserts in his affidavit that he had been "under the impression that the summons was issued within the statutory period under the new rules;" that he had in his employ, when this action was commenced, an attorney who took care of all pleadings; that it was "through an inadvertence," and "not through sheer neglect," that the summons and complaint had not issued until "six months from the date of filing the complaint." (The period actually was over seven months.)
Rule 3:41-2 states:
"For failure of the plaintiff to cause a summons to issue within 5 days after filing the complaint or to prosecute an action for 6 months, or to comply with these rules or any order of court, the court in its discretion may on motion of defendant dismiss an action or any claim against him."
The obvious purpose of the above rule is to keep a plaintiff's interest active. It requires a litigant to do more than deposit a pleading in the clerk's office. The rule provides that the court may exercise its discretion in determining whether or not to dismiss an action. The lawful exercise of discretion excludes mere caprice or arbitrary action. In Beronio v. Pension Commission of Hoboken, 130 N.J.L. 620 (E. & A. 1943), Justice Heher, in remarking upon judicial discretion, said:
"In the words of Lord Mansfield, judicial discretion means `sound discretion, guided by law. It must be governed by rule, not by humour. It must not be arbitrary, vague and fanciful, but legal and regular.' Rex v. Wilkes, 4 Burr. 2527, 2539."
The rule would lose its efficacy if the court without good cause or extenuating circumstances should fail to enforce it. Conceivably, there may be numerous instances where the court in the exercise of its discretion will refuse to dismiss an action, e.g., illness of counsel; but the court must be given *591 a valid reason why the action should not be dismissed when it appears that the summons has not issued within five days after the filing of the complaint, or the action is not prosecuted for six months. If the reason given is not sound, the discretionary exercise in refusing to dismiss would indeed be "arbitrary, vague and fanciful."
Applying the above principle to the reasons given in the instant case, it clearly appears there are no extenuating circumstances. The fact that plaintiff's counsel had in his employ an attorney who attended to all the pleadings is not a proper excuse. The employed attorney's failure to comply with the rule is imputable to the plaintiff's attorney and the plaintiff as well. Nor is the fact that plaintiff's attorney was under the impression that the summons was issued within the period under the rules a sufficient justification. If that were so, the requirements of the rules could be circumvented by merely showing a mistaken state of mind. The affidavit of plaintiff's attorney states: "The only time I noticed that the rules had not been complied with was when I began preparing this matter for trial." It is most unusual that a case would be prepared for trial without an answer being filed and before the matter was at issue.
The fact that the summons was not issued until after six months "through an inadvertence" and "not through sheer neglect in this (plaintiff's attorney's) office" is beside the point in the absence of any mitigating facts. Further, the fact that plaintiff's attorney states that no unnecessary hardship or injustice was practiced upon the defendant is irrelevant. Defendant no less than plaintiff is entitled to the protection afforded by the rules.
It is unpleasant for the court to dismiss actions because of failure to abide by the rules, but if the rules are to have any significance they must be respected by the bar as well as the bench.
Defendant's motion is granted.