22 N.J. Super. 103 (1952)
91 A.2d 666
ANITA HAZEK, HILDA KRESS AND CATHERINE MONCK, PLAINTIFFS,
v.
JOSEPH MERCADANTE, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 8, 1952.
*104 Mr. Daniel F. DeLear, for the motion.
Mr. George Pellettieri argued against the motion (Mr. George H. Anthony, attorney).
WOODS, J.S.C.
There is before us a motion to dismiss the complaint filed in the above-entitled cause, on the ground: that plaintiffs failed to comply with Rule 3:41-2 in that they failed to cause the summons to issue within five days after filing the complaint with the Clerk of the Superior Court of New Jersey; and, in fact, did cause the complaint to be filed with the Clerk of the Superior Court on May 1, 1952, and the summons in the matter did not issue until June 2, 1952 and was served on September 6, 1952 upon the defendant.
We have considered the pleadings, heard the oral argument of counsel, read the affidavit of Mr. Anthony, and the brief filed by Mr. DeLear for the defendant and we find the facts to be as follows:
The defendant, Joseph Mercadante is a non-resident. He is a resident of the State of New York and does not maintain a residence or place of business in the State of New Jersey. It was known to the attorneys for the plaintiffs that he did come into New Jersey two or three times a year to attend "shoots." They received information that he might be in the State on May 3, 1952 and thus filed the complaint on May 1, 1952. Subsequent to the filing of the complaint and before May 3, they learned that the defendant would not be in the State and for that reason the summons was not issued immediately after the filing of the complaint. On June 1, 1952 they again received information that he would be in the State on June 6, 1952, and issued the summons on June 2. Mr. Anthony attended a Deputy Sheriff from the County of Monmouth at Asbury Park on June 6, but the defendant did not appear and service was not made. Later word was received that the defendant would be in Asbury Park on September 5 and 6, 1952 and Mr. Anthony *105 again attended the deputy sheriff from Monmouth County for the purpose of making identification, and service was made on September 6.
Rule 3:41-2 reads as follows:
"For failure of the plaintiff to cause a summons to issue within 5 days after filing the complaint or to prosecute an action for 6 months, or to comply with these rules or any order of court, the court in its discretion may on motion of defendant dismiss an action or any claim against him * * *."
A dismissal of an action on the grounds stated in this rule is discretionary with the court. It is not mandatory. Counsel for the defendant cites the case of Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588 (Law Div. 1950) in which Judge Proctor granted the defendant's motion for a dismissal made pursuant to this section of Rule 3:41-2. But in that case the facts were different. There were "no extenuating circumstances." As Judge Proctor said:
"The obvious purpose of the above rule is to keep a plaintiff's interest active. * * * The rule provides that the court may exercise its discretion in determining whether or not to dismiss an action. The lawful exercise of discretion excludes mere caprice or arbitrary action. * * * Conceivably, there may be numerous instances where the court in the exercise of its discretion will refuse to dismiss an action * * *; but the court must be given a valid reason why the action should not be dismissed when it appears that the summons has not issued within five days after the filing of the complaint, or the action is not prosecuted for six months."
In the case before us we feel that there are extenuating circumstances sufficient and strong enough to permit us to exercise discretion. The proofs show that the plaintiffs' attorneys were not sleeping on their duty to proceed with the case; that they were constantly keeping in touch with the whereabouts of the defendant in order to be aware of his entrance into this State, and that the summons issued the very first time they had definite knowledge of his expected attendance at a "shoot" in Asbury Park.
Motion to dismiss is denied.