39 N.J. Super. 275 (1956)
120 A.2d 787
LONNIE BYRD, PLAINTIFF-RESPONDENT,
v.
ONTARIO FREIGHT LINES CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 13, 1956.
Decided February 24, 1956.
*276 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Joseph C. Paul argued the cause for appellant (Mr. Henry M. Grosman, attorney).
Mr. Robert C. Gruhin argued the cause for respondent (Mr. Morris Edelstein and Mr. Emanuel Greenberg, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
At the threshold of our consideration of this appeal, we are confronted with the issue of the appealability, as of right, of the interlocutory order submitted for review. That order denied the defendant's motion to dismiss the complaint for the failure of the plaintiff to cause a summons to issue within ten days after filing the complaint. R.R. 4:4-1 and R.R. 4:42-2(a).
Appellant suggests that the instant appeal falls within the ambit of R.R. 2:2-3(a) (3) which provides, inter alia, that "(a) Appeals may be taken to this court from orders or judgments, whether or not interlocutory: * * * (3) Determining that the court has jurisdiction over the subject matter or the person." Unless its position is sound, the appeal is not maintainable.
It is well settled that whether a complaint should be dismissed for the failure to issue a summons within ten days after the filing of the complaint rests in the discretion of the court. The language of the applicable rules specifically so provides, and the decisions are in accord. Schnitzer and *277 Wildstein, N.J. Rules Service, A IV-44, Supp. (1955); Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588 (Law Div. 1950); Hazek v. Mercadante, 22 N.J. Super. 103 (Law Div. 1952); X-L Liquors v. Taylor, 17 N.J. 444, 453 (1955).
Plainly, the court below had jurisdiction of the subject matter which was an action sounding in negligence. But, did the court have jurisdiction of the corporate defendant since the summons, which was served upon it, had not been issued within the ten-day period? Our unequivocal answer is in the affirmative. Worthy of note at this point is that neither the form of the summons nor the efficacy of the service thereof is here impugned.
Initially, though quite significantly, our Supreme Court has had the occasion to point out that these rules (R.R. 4:4-1 and R.R. 4:42-2(a)) are "designed to insure that after the plaintiff has filed his complaint he will diligently cause the summons to be issued so that the defendant will be advised of the complaint and be afforded early opportunity to answer or to take such other steps as he considers appropriate." X-L Liquors v. Taylor, supra. Or, as Judge Proctor tersely expressed it in Pagano v. Krispy Kernals, Inc., supra, 10 N.J. Super., at page 590: "The obvious purpose of the above rule is to keep a plaintiff's interest active."
It seems rational to believe that if the architects of our procedural rules intended that the requirement of the punctual issuance of the summons is to be regarded as an essential component of due process, it would not have categorized an application for the dismissal of the complaint under R.R. 4:4-1 and R.R. 4:42-2(a) as a discretionary matter.
Finally, we observe that where the court's discretion is exercised in favor of a defendant, the rules prescribe a dismissal of the complaint. Certainly this extreme result is alien to the course of action which normally flows from a successful challenge to the subject of process. Vido, Colon v. Pennsylvania Greyhound Lines, 27 N.J. Super. 280, 283 (Law Div. 1953); Goldenberg v. Sebersky, 30 N.J. Super. 596, 597 (Cty. Ct. 1954).
*278 We discern no kinship between the salutary objective of the cited rules and the basic question of jurisdiction over the person. Hence, the order under challenge is not appealable, and since the defendant neither sought nor obtained leave to appeal therefrom, the appeal should be dismissed. It is so ordered.