100 N.J. Super. 67 (1967)
241 A.2d 237
THOMAS G. MC LAUGHLIN AND ALETA MC LAUGHLIN, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
WILLIAM BASSING, OLIVER A. FINAN, INC., A CORPORATION, M. & O. CORPORATION, A CORPORATION, AND TRANSAMERICAN FREIGHT LINES, INC., A CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided October 31, 1967.
*68 Before Judges SULLIVAN, FOLEY and LEONARD.
Mr. James P. Beggans argued the cause for defendants-appellants (Messrs. Beggans and Keale, attorneys, Geoffrey Gaulkin, of counsel).
Mr. Lewis M. Holland argued the cause for plaintiffs-respondents (Messrs. Warren, Chasan, Leyner & Holland, attorneys).
PER CURIAM.
This appeal is by leave of court from an order denying defendants' motion to dismiss plaintiffs' action because of the untimely issuance of the summons and the failure to prosecute the action.
Plaintiff Thomas G. McLaughlin was hit by defendants' tractor-trailer on February 1, 1960. The complaint was filed by his then attorney (not the attorneys prosecuting this appeal) on January 30, 1962. The summons was not issued until October 5, 1965.
Affidavits and depositions of plaintiffs' then attorney clearly indicate that he was guilty of gross neglect, if not more. Plaintiffs concede that his delay was "inexcusable."
A trial court may in its discretion, on motion, dismiss an action for a plaintiff's failure to cause a summons to issue *69 within 10 days after filing the complaint or to prosecute an action for 6 months. R.R. 4:4-1 and R.R. 4:42-2. However, here the trial court upon the concept of "substantial justice" refused to dismiss the action.
The exercise of discretion in the performance of the judicial function has limits of reasonableness beyond which it must be accounted mistaken and reversible. See Kavanaugh v. Quigley, 63 N.J. Super. 153, 158 (App. Div. 1960). To fail to enforce the above noted rules as to dismissals under the circumstances here present would be to virtually eliminate these rules. As Justice (then Judge) Proctor held in the analogous case of Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588, 590 (Law Div. 1950): "The rule would lose its efficacy if the court without good cause or extenuating circumstances should fail to enforce it."
In Pagano the court dismissed the action for a seven month delay in the issuance of the summons notwithstanding the intervening bar of the statute of limitations where the neglect of an associate attorney caused the violation. Here plaintiffs' former counsel delayed filing the summons for a period of over three years after defendants had every reason to believe they had the protection of the statute of limitations. Thus we conclude the "inexcusable" neglect of that attorney warrants a dismissal of this action even though the statute of limitations has intervened.
Defendants' stipulation that they had suffered "no specific or demonstrable prejudice" does not aid plaintiffs' cause. As further stated in Pagano, supra, at 591: "* * * the fact that plaintiff's attorney states that no unnecessary hardship or injustice was practiced upon the defendant is irrelevant. Defendant no less than plaintiff is entitled to the protection afforded by the rules." See Messenger v. United States, 231 F.2d 328 (2d Cir. 1956) and Silverton v. Marler, 389 P.2d 3 (Alas. Sup. Ct. 1964).
Reversed with directions for remand and dismissal of the complaint.
*70 SULLIVAN, S.J.A.D. (dissenting).
I think that the record supports the trial judge's refusal to dismiss plaintiffs' complaint.
Thomas G. McLaughlin was struck by an unattended runaway truck. His specials to date are more than $50,000. That defendants were aware of the accident is not disputed. Defendants' insurance carrier had two medical examinations of Mr. McLaughlin. Plaintiffs' then attorney avers that he had negotiations with defendants' insurance carrier and was offered $60,000 to settle the claim which plaintiffs were unwilling to accept. Shortly before the statute of limitations expired, the complaint herein was filed, presumably to protect plaintiffs' interests. However, counsel insists that he was assured at all times by the representative of the insurance company that the case would be settled if plaintiffs would accept something lower than the policy limit of $100,000.
It was because of the foregoing, according to counsel, that he assumed there would be no need to prosecute the case any further by filing any additional pleadings.
Defendants have stipulated that they have suffered no specific or demonstrable prejudice as a result of the time lapse. They have not asserted that in fact they were unaware that the complaint was filed. Cf. Rooney v. Coraggio, 95 N.J. Super. 112, 116-117 (1967), cert. den. 50 N.J. 89 (1967).
The handling of this case by plaintiffs' then attorney has been described as inexcusable. It is more than that, but I question whether a litigant must suffer because of counsel's utter incompetence. Cf. Court Invest. Co. v. Perillo, 48 N.J. 334, 347 (1966).
Under all of the circumstances, I feel that the trial court exercised sound discretion in refusing to dismiss plaintiffs' complaint.