192 N.J. Super. 463 (1984)
471 A.2d 54
GREGORY MOSCHOU, T/A CLUB ROCHELLE, PLAINTIFF-RESPONDENT,
v.
FRANK DEROSA, DEFENDANT-APPELLANT, AND FERNANDO J. LINES,[1] DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1983.
Decided January 3, 1984.
*464 Before Judges MICHELS and DREIER.
Alfred J. Egenhofer argued the cause for appellant.
Jack J. De Salvo for respondent.
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant Frank DeRosa (DeRosa) appeals from a judgment of the Law Division awarding plaintiff Gregory Moschou, trading as Club Rochelle, damages in the total sum of $3,176 and dismissing his counterclaim.
On December 6, 1974, plaintiff and defendants entered into a lease agreement pursuant to which defendants agreed to lease a portion of premises owned by plaintiff in Rochelle Park, New Jersey, for the purpose of operating a cocktail lounge with dancing and entertainment. The lease was for a 30-day period to commence on January 8, 1975 and terminate on February 7, 1975. Plaintiff claims that defendants breached the lease agreement and that they are liable for three weeks rent, together with other expenses to be paid in accordance with the terms of the lease.
The record shows that the complaint was filed with the Clerk of the Superior Court of New Jersey on January 5, 1981, 37 days prior to the expiration of the six-year statute of limitations. The summons, however, was not issued until March 24, 1981, 78 days after the complaint was filed and after the six year statute of limitations had run. On or about April 3, 1981 DeRosa was served with the summons and a copy of the complaint.
DeRosa subsequently moved to dismiss the complaint on the ground that the summons had not been issued within ten days *465 after the filing of the complaint as required by R. 4:4-1. Plaintiff's counsel certified in opposition to the motion that plaintiff had not consulted him on the matter until December 30, 1980, and at that time "the location of the defendant was not known." He further certified that in March of 1981 plaintiff located defendant's business address where the latter was served. DeRosa's attorney, on the other hand, certified that DeRosa operated a hair salon in Teaneck, New Jersey, at the time the lease was executed and continues to operate the same salon at the same address. He also certified that plaintiff had DeRosa's business address and telephone number at all times, and that DeRosa's personal telephone number was publicly listed. Finally, DeRosa's attorney certified that after the statute of limitations expired DeRosa disposed of his books and records pertaining to the transaction, and claimed that as a result DeRosa would be prejudiced if plaintiff were allowed to proceed against him with the matter. The trial court, without setting forth any reasons for its ruling, denied the motion and granted DeRosa additional time to answer the complaint. Defendant then filed an answer denying any liability to plaintiff and seeking by way of counterclaim to recover damages for plaintiff's alleged breach of the lease agreement. At the conclusion of a bench trial, the trial court entered judgment in favor of plaintiff and dismissed DeRosa's counterclaim, finding in part that DeRosa did not have "any records to substantiate any of the amounts" sought as damages in his counterclaim.
DeRosa now appeals, contending, among other things, that the trial court erred in denying his motion to dismiss the complaint for failure to issue the summons within ten days. We agree and reverse.
R. 4:4-1 provides:
The plaintiff, his attorney or the clerk of the court may issue the summons. If a summons is not issued within 10 days after the filing of the complaint the action may be dismissed in accordance with R. 4:37-2(a). Separate or additional summonses may issue against any defendants.
R. 4:37-2(a) provides:

*466 For failure of the plaintiff to cause a summons to issue within 10 days after filing the complaint or to comply with these rules or any order of court, the court in its discretion may on defendant's motion dismiss an action or any claim against him. Such a dismissal shall be without prejudice unless otherwise specified in the order.
The rule is clear that the trial court may, in its discretion, dismiss an action if a plaintiff fails to issue the summons within ten days after the filing of the complaint. As Judge (later Justice) Proctor explained in Pagano v. Krispy Kernals, Inc., 10 N.J. Super. 588 (Law Div. 1950) (discussing R. 3:41-2, which provided for a dismissal of an action if a summons was not issued within five days of filing the complaint):
The obvious purpose of the above rule is to keep a plaintiff's interest active. It requires a litigant to do more than deposit a pleading in the clerk's office. The rule provides that the court may exercise its discretion in determining whether or not to dismiss an action. The lawful exercise of discretion excludes mere caprice or arbitrary action. In Beronio v. Pension Commission of Hoboken, 130 N.J.L. 620 (E. & A. 1943), Justice Heher, in remarking upon judicial discretion, said:
"In the words of Lord Mansfield, judicial discretion means `sound discretion, guided by law. It must be governed by rule, not by humour. It must not be arbitrary, vague and fanciful, but legal and regular.' Rex v. Wilkes, 4 Burr. 2527, 2539."
The rule would lose its efficacy if the court without good cause or extenuating circumstances should fail to enforce it. Conceivably, there may be numerous instances where the court in the exercise of its discretion will refuse to dismiss an action, e.g., illness of counsel; but the court must be given a valid reason why the action should not be dismissed when it appears that the summons has not issued within five days after the filing of the complaint, or the action is not prosecuted for six months. If the reason given is not sound, the discretionary exercise in refusing to dismiss would indeed be "arbitrary, vague and fanciful." [10 N.J. Super. at 590-591]
Applying these principles here, it is evident that the trial court mistakenly exercised its discretion by denying DeRosa's motion to dismiss. The complaint was filed shortly before the six-year statute of limitations had run. The summons and a copy of the complaint were not issued until 78 days later when the statute had run. According to the uncontradicted certification of DeRosa's attorney, DeRosa disposed of the books and records pertaining to this transaction after the statute had run, *467 thereby prejudicing his case.[2] That the delay in issuing the summons until after expiration of the six-year period of limitations prejudiced DeRosa's substantial rights is evident from the fact that the trial court expressly commented at the trial on the absence of any books or records to substantiate DeRosa's counterclaim. Moreover, there are no extenuating circumstances here which would have warranted the trial court's refusal to enforce the rule. Unlike McLaughlin, et al. v. Bassing, et al., 51 N.J. 410 (1968), rev'g on dissenting opinion of Judge (later Justice) Sullivan 100 N.J. Super. 67 (App.Div. 1967), there is here a clear demonstration of prejudice to DeRosa's rights which requires a dismissal of the action for failure to comply with R. 4:4-1.
Accordingly, the judgment under review is reversed, and the complaint against DeRosa is dismissed.
NOTES
[1] Defendant Fernando J. Lines was never served with process and therefore the complaint against him was dismissed.
[2] We note that since there was no bona fide dispute between the parties as to the material facts certified to by defendant's attorney his hearsay affidavit could properly be considered under Evid.R. 3 to prove the facts contained therein.