HALLIE VINES, PLAINTIFF-APPELLANT, v. ORANGE MEMORIAL HOSPITAL, DR. NICHOLS, DR. JOHN DOE, JANE AND MARY DOE AND OTHERS PRESENTLY UNKNOWN, DEFENDANTS, AND JAMES YAHATA, M.D. AND GEORGE W. SIMMONS, M.D., DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued December 19, 1983—Decided January 19, 1984.

Before Judges BISCHOFF and BRODY.

*Dennis A. Estis* argued the cause for appellant (*Greenbaum, Greenbaum, Rowe & Smith,* attorneys; *Harriet F. Klein* on the brief).

*Patricia J. Cooney* argued the cause for respondent James Yahata, M.D. (*Giblin, Combs & Cooney,* attorneys; *Patricia J. Cooney* and *Jeremy P. Cooley* on the brief).

*Lisbeth A. Warren* argued the cause for respondent George W. Simmons, M.D. (*Shanley & Fisher,* attorneys; *Lisbeth A. Warren* on the brief).

PER CURIAM.

We have this matter on a remand from the New Jersey Supreme Court, 93 *N.J.* 254, to decide the merits of an interlocutory order entered in the Law Division dismissing the complaint as to two defendants because process was not issued and served until almost a year after the complaint was filed. It would appear that the delay was caused by the negligence of an attorney who no longer represents plaintiff. Another part of this court had denied plaintiff's motion for leave to appeal.

On the last day before the statute of limitations would have barred plaintiff's claims, her former attorney filed this medical malpractice action. She alleges that a left side paralysis from which she suffers was caused by a stroke brought on by defendants' negligence. Defendants allegedly permitted surgery to be performed upon her without taking adequate precautions in view of her history of hypertension. She previously suffered a cerebral vascular accident following a similar operative procedure. Defendants-respondents are her family physician Dr. Simmons and the anesthesiologist Dr. Yahata. The other named defendant besides the hospital is the surgeon, Dr. Nichols. The complaint was filed August 20, 1981. The motions were made by Dr. Simmons who was served July 19, 1982 and Dr. Yahata who was served August 17, 1982.

*R.* 4:4–1 authorizes dismissal in accordance with *R.* 4:37–2(a) ("without prejudice unless otherwise specified in the order") of an action where the summons is not issued within 10 days after the filing of the complaint. Because the statute of limitations had run, a dismissal here would totally bar further litigation of the claims. In dismissing the claims, the trial judge ruled that the summonses were "issued far too late under the rules." He relied on the statement in *Pagano v. Krispy Kernals, Inc.,* 10

*N.J.Super.* 588, 591 (Law Div.1950), where in dismissing an action because through the neglect of plaintiff's attorney the summons was not issued until more than six months after the filing, Justice (then Judge) Proctor said, "Further the fact that plaintiff's attorney states that no unnecessary hardship or injustice was practiced upon the defendant is irrelevant." In announcing his ruling the judge below said, "[E]ither *Pagano* is the law or it is not." It is not.

In *McLaughlin v. Bassing,* 100 *N.J.Super.* 67, 69 (App.Div. 1967), where the delay in issuing the summons was over three and a half years, the court ordered dismissal relying on the statement in *Pagano* that prejudice to the defendant is irrelevant. Justice (then Judge) Sullivan, however, dissented noting that the defendants "have suffered no specific or demonstrable prejudice as a result of the time lapse." *Id.* at 70. The Supreme Court reversed, adopting Justice Sullivan's dissent. *McLaughlin v. Bassing,* 51 *N.J.* 410 (1968). As Judge Pressler's comment to *R.* 4:4–1 points out, "[V]iolation [of the rule] will not be permitted to defeat the action where the defendant is not prejudiced, the complaint is apparently meritorious and the failure is one which is attributable solely to the neglect of plaintiff's attorney." Pressler, *Current N.J. Court Rules,* Comment *R.* 4:4–1 (1984).

Defendants contend that the trial judge's approach did not give them an opportunity to present evidence of "specific or demonstrable prejudice." Strictly speaking, that is not so. Defendants initiated the proceedings below by their motions. They should have submitted the evidence called for in *McLaughlin.* Nevertheless it is likely that had the trial judge applied the law correctly, he would have given defendants an opportunity to supplement their evidence. We will do the same.

Reversed and remanded for further proceedings consistent with this opinion at which time the trial judge shall reconsider the motions in light of any evidence of prejudice to defendants. These further proceedings shall be structured by the judge to

assure all parties an opportunity to present additional evidence if any. The judge shall rule on his reconsideration of the motions within 60 days and any party seeking review by us of that ruling shall file his or her papers at our chambers within 30 days after the judge's ruling. Responding papers may be similarly filed within 15 days thereafter. If we receive no application for further review within the time indicated, we will relinquish jurisdiction.