222 N.J. Super. 448 (1987)
537 A.2d 696
STEPHEN PATTERSON, PLAINTIFF-APPELLANT,
v.
MONMOUTH REGIONAL HIGH SCHOOL BOARD OF EDUCATION, MICHAEL LUCCARELLI, RARITAN HIGH SCHOOL AND HAZLET TOWNSHIP BOARD OF EDUCATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted April 14, 1987.
Decided November 9, 1987.
*450 Before Judges ANTELL and LONG.
Ralph A. Real attorney for appellant (Real & Ransom, attorneys).
Michael J. Canning attorney for respondents (Giordano, Halleran & Ciesla, attorneys).
The opinion of the court was delivered by LONG, J.A.D.
This case presents the novel issue of whether New Jersey should honor the common law "coming of age" rule which provides that one reaches full age on the day prior to the anniversary of his or her birth.
Plaintiff Stephen Patterson was injured on October 7, 1977, when he participated in a gymnastics meet at Raritan High School. At the time of the accident Patterson was 15 years old and was a member of the Monmouth Regional High School (Monmouth) gymnastics team. He celebrated his eighteenth birthday on December 17, 1979. On December 17, 1981, Patterson filed a complaint against Monmouth, Michael Luccarelli (Monmouth's gymnastics coach), Raritan Township High School (Raritan) and Hazlet Township Board of Education (Hazlet). Raritan and Hazlet were later dismissed as defendants. As a result of procedural problems which occurred in the case, it was not scheduled for trial until 1986. On May 16, 1986, Monmouth *451 and Luccarelli moved to dismiss the complaint on the basis that it was filed beyond the statute of limitations.
The New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et seq.) provides a two year statute of limitations for actions against a public entity. N.J.S.A. 59:8-8. This limitation is tolled when the injured party is a minor. In that event the statute prescribes that:
Nothing in this section shall prohibit an infant or incompetent person from commencing an action under this act within the time limitations contained herein, after his coming to or being of full age or sane mind.
This provision is similar to N.J.S.A. 2A:14-21 which tolls the general statute of limitations during minority:
If any person entitled to any of the actions or proceedings specified in sections 2A:14-1 to 2A:14-8 or sections 2A:14-16 to 2A:14-20 of this title or to a right or title of entry under section 2A:14-6 of this title is or shall be, at the time of any such cause of action or right or title accruing, under the age of 21 years, or insane, such person may commence such action or make such entry, within such time as limited by said sections, after his coming to or being of full age or sane mind.[1]
See Reale v. Tp. of Wayne, 132 N.J. Super. 100 (Law Div. 1975). Thus, Patterson was required to institute his cause of action within two years from the date he became eighteen. See Tyson v. Groze, 172 N.J. Super. 314 (App.Div. 1980).
Under the uniform method of calculation applicable to legal matters in New Jersey the date of the act or event from which a designated period begins to run is not included in determining a time limitation. Poetz v. Mix, 7 N.J. 436, 445 (1951); R. 1:3-1. By this method the day of Patterson's birth (December 17, 1961) would not be counted in determining the anniversary of his birth. Accordingly, the first anniversary of Patterson's birth (and all future anniversaries) would have fallen on December 17, his birthday within the usual meaning of that term. He thus would have come of age on December 17, 1979. Applying the uniform computation rule, December 17, 1979 would have *452 been skipped in a statute of limitations analysis and this action would have been timely filed on December 17, 1981.
However, the trial judge determined that although Patterson did not celebrate his eighteenth birthday until December 17, 1979, the date on which he actually became eighteen was December 16, 1979. This accords with the common-law coming of age rule which provides that in computing a person's age the day upon which that person was born is included. See 5 A.L.R.2d 1143. Applying this rule, the judge concluded that Patterson came of age on December 16, 1979; that he had until December 16, 1981 to file this suit, and that he fell short of this obligation by one day. Thus, he dismissed Patterson's complaint. It is from this dismissal that Patterson has appealed.
We begin with the observation that the trial judge correctly recognized the coming of age rule as an element of our common law. Although the point of origin of the rule is uncertain, it clearly was a part of the English common law and appeared in cases decided as early as the seventeenth century. Nichols v. Ramsel, 2 Mod. 280, 86 Eng. Reprint 1072 (1677); Herbert v. Turball, 1 Keble 590, 83 Eng. Reprint 1129, 1 Sid 162, 82 Eng. Reprint 1033 (1663). The English common law was incorporated into our own common law by our several constitutions. State v. Young, 77 N.J. 245 (1978) citing dissenting opinion of Justice Heher in Collopy v. Newark Eye and Ear Infirmary, 27 N.J. 29, 48-49 (1958).
This does not end the inquiry, however. The Supreme Court, our court of last resort, has not reaffirmed the present day viability of this particular rule,[2] nor has it been incorporated into our statutory law. Thus, we are free to "reject, modify or alter" it if we find that it does not "conform to present day equitable or humanitarian views ..." State v. Young, 148 *453 N.J. Super. 405, 409 rev'd on other grounds, 77 N.J. 245 (1978); Immer v. Risko, 56 N.J. 482 (1970); Greenspan v. Slate, 12 N.J. 426 (1953).
The reason for the coming of age rule is said to be the principle that a day is a single continuous unit of time and that there are no fractions of days. Thus, a person born at 2:00 p.m. on a given day is deemed under the rule to have been born on the first instant of that day. Accordingly, that person is viewed as having lived the entire day of his or her birth (though from the example it is clear that this is not necessarily so). It follows, according to the reasoning of the rule, that if a person has lived from the first instant of the day of his or her birth that that day should be counted in computing any time limitation. The result of this is that full age "is completed on the day preceding the anniversary of a person's birth." 1 W. Blackstone, Commentaries, Ch. 17 [*]463.
This rule has been criticized regularly over the course of its history. As one court early in this century observed:
Professor Minor assails the doctrine as absurd.... Redfield also seems to regard it as "a blunder." But it has been too long established now to depart from it, particularly as no good could come from the change. [Erwin v. Benton, 120 Ky. 536, 87 S.W. 291 (1905)]
The courts of other jurisdictions, relying mainly on the longevity of the rule, have listlessly continued to apply it as an exception to ordinary rules of calculation. See Turnbull v. Bonkowski, 419 F.2d 104 (9th Cir.1969).
Is there some reason for us to do the same? We think not. If, as it has been said, the logic of the coming of age rule is unassailable (Erwin v. Benton, supra), the logic of our computation rule, which would skip the day of birth recognizing that few people actually have lived out the entirety of that day, is equally unassailable. Whether we compute age by the common-law method (counting the date of birth), or by our uniform method (excluding the date of birth) we are diverging from what, in fact, is real. Only the Roman principle of de momento en momentum reflects the reality of time: that a person comes *454 to his next age one year from the exact moment of the person's birth not from the earliest or latest instant of the day on which he was born. There are good reasons involving uniformity of approach and avoidance of litigation to reject a rule requiring proof as to the very second of one's birth in order to ascertain one's rights some years later. The only question is what fiction shall take its place. Both the common law coming of age rule and the ordinary calculation rule are such fictions.
Given that these rules are in equipoise on a rationality scale, other values come to the fore in determining whether to continue to honor the coming of age exception. Among these are uniformity and familiarity. To be sure, these values would not justify discarding a rule which serves some valid purpose, but we can discern no such purpose where the coming of age rule is concerned. Nothing whatsoever is gained in differentiating between age and every other legal calculation by maintaining a single, practically unknown exception to the uniform rule of computation. More important is the nature of minority status which exists for the protection of the infant from self and others. MacKay v. Avison, 82 N.J. Super. 92 (App.Div. 1964). A fiction which takes away some of the protections of minority status by eliminating any period during which one is actually an infant and requiring that infant to be treated as one of full age should be rejected. That is exactly what the coming of age rule does.[3] Anyone born later than the first instant of a given day is "credited" by the common law coming of age rule with time during which he or she did not live with the concomitant *455 effect that the individual is held to adult standards prior to having lived a full 18 years. We think that a calculation method which foreshortens the protections with which we blanket infants must be discarded in favor of the uniform rule which provides an infant more than a full measure of protected status. For these reasons, we hold that the common law coming of age rule should be rejected in favor of our ordinary rules of calculation in deciding the date of the anniversary of one's birth.[4] By these rules, Patterson became 18 on December 17, 1979 (the day on which he celebrated his birthday), and this lawsuit, which was filed on December 17, 1981, was within time.
The trial judge also concluded that the complaint should be dismissed because Patterson's prior attorney failed to issue a summons within ten days after the complaint was filed pursuant to R. 4:4-1. Patterson claims that the mere passage of time, even if lengthy, does not automatically establish the necessary prejudice under R. 4:4-1 and R. 4:37-2(a) to dismiss the complaint. R. 4:4-1 states:
The plaintiff, his attorney or the clerk of the court may issue the summons. If a summons is not issued within 10 days after the filing of the complaint the action may be dismissed in accordance with R. 4:37-2(a).
Rule 4:37-2(a), in turn states:
For failure of the plaintiff to cause a summons to issue within 10 days after filing the complaint or to comply with these rules or any order of court, the *456 court in its discretion may on defendant's motion dismiss an action or any claim against him. Such a dismissal shall be without prejudice unless otherwise specified in the order.
The policy underpinning R. 4:4-1 and R. 4:42(2)(a) (the predecessor to Rule 4:37-2(a)) is that:
[A]fter the plaintiff has filed his complaint he will diligently cause the summons to be issued so that the defendant will be advised of the complaint and be afforded early opportunity to answer or take such other steps as he considers appropriate. [X-L Liquors, Inc. v. Taylor, 17 N.J. 444, 453 (1955) cited in Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 345 (1984)]
Clearly, a delay which prejudices a defendant's ability to defend justifies the remedy of dismissal. Moschou v. DeRosa, 192 N.J. Super. 463 (App.Div. 1984). Mere delay however is not enough. The key issue is whether there was "specific or demonstrable" prejudice. McLaughlin v. Bassing, 100 N.J. Super. 67 (App.Div. 1967) (Sullivan, J.A.D., dissenting) rev'd on dissent below, 51 N.J. 410 (1968).[5]
Here, Patterson's complaint was filed on December 17, 1981, and defendants were not served until February 16, 1984, 26 months later. Patterson's previous lawyer was unable to give a good account for the delay. Defendants took the position that the passage of time per se without good explanation was sufficient to justify dismissal although they did not attempt to show how they were, in fact, prejudiced by the delay. Patterson responded that defendants knew of the claim since 1978, that the chief witness, defendant Luccarelli, still teaches in defendant's school and that defendants failed to establish prejudice sufficient to validate the extreme remedy of dismissal. We agree with Patterson. Defendants acknowledged that they never even investigated into the issue of whether they were prejudiced by the delay and were unable to establish any element of such prejudice. Thus, they failed to satisfy the minimal showing required under the cases and the complaint *457 should not have been dismissed for this reason. See Vines v. Orange Memorial, Hosp., 192 N.J. Super. 496, 499 (App.Div. 1984) (where the court held that McLaughlin, supra, established that the moving party must demonstrate some hardship or prejudice).
Because the other bases raised by defendant as alternate supports for dismissal were not considered by the trial judge, we will not address them. Skripek v. Bergamo, 200 N.J. Super. 620 (App.Div. 1985) certif. den. 102 N.J. 303 (1985).
Reversed and remanded for an order reinstating the complaint.
NOTES
[1] The 21 year age of majority in this section was reduced by N.J.S.A. 9:17B-1 et seq. to 18 years.
[2] Only two trial court decisions have referred to the existence of the rule. Mandell v. Passaic National Bank & Trust Co., 18 N.J. Misc. 455 (Cir.Ct. 1940); State In Interest of F.W., 130 N.J. Super. 513 (J. & D. Rel.Ct. 1974).
[3] Blackstone recognized the extent of the distortion:

If he is born on the 16th of February, 1608, he is of age to do any legal act on the morning of the 15th of February, 1629, though he may not have lived twenty-one years by nearly forty-eight hours. The reason assigned is, that in law there is no fraction of a day; and if the birth were on the last second of one day, and the act on the first second of the preceding day twenty-one years after, then twenty-one years would be complete; and in the law it is the same whether a thing is done upon one moment of the day or on another. 1 Sid. 162. 1 Keb. 589., 1 Salk. 44. Raym. 84.  Christian. [1 W. Blackstone, Commentaries, [*] 463-464 n. 21.]
[4] Indeed, the denomination "coming of age" rule is misleading. Because the rule is footed in a calculation at the point of one's birth, it does not simply affect the single transition between infancy and minority but every single relevant annual calculation from birth for a lifetime. This underscores a separate problem. How does the coming of age rule interface with the regulatory schemes in effect in this State? Did the Legislature intend that one could drive on the eve of his or her 17th birthday, vote on the eve of his or her 18th birthday and consume alcoholic beverages on the eve of his or her 21st birthday? Does the coming of age rule constitute a defense in a case in which one is charged with engaging in such act prior to the statutorily prescribed date? Did the Legislature mean to incorporate the coming of age principle into its statutes or did its several references to age contemplate the ordinary calculation process and the universal meaning accorded to the term birthday? Our decision here makes it unnecessary for us to grapple with these issues.
[5] See Pressler, Current N.J. Court Rules, Comment R. 4:4-1 (1987) ("... violation [of R. 4:4-1] will not be permitted to defeat the action where the defendant is not prejudiced, the complaint is apparently meritorious and the failure is one which is attributable solely to the neglect of plaintiff's attorney.").