**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1170-16T4

GODWIN OKEKE,

    Plaintiff-Appellant,

v.

COOLIDGE PROPERTIES, LLC,
and DANTE MANAGEMENT,

    Defendants-Respondents,

and

TOWNSHIP OF IRVINGTON,

    Defendant.

_____

          Argued May 15, 2018 - Decided June 13, 2018

          Before Judges Hoffman and Mayer.

          On appeal from Superior Court of New Jersey,
          Law Division, Essex County, Docket No.
          L-1299-13.

          Charles C. Chikezie argued the cause for
          appellant.

          Danielle M. DeGeorgio argued the cause for
          respondents (Faust Goetz Schenker & Blee, LLP,
          attorneys; Danielle M. DeGeorgio, on the
          brief).

PER CURIAM

Plaintiff Godwin Okeke appeals from an August 9, 2016 order denying his motion to reinstate his complaint and granting a cross-motion filed by defendants Coolidge Properties, LLC (Coolidge) and Dante Management (Dante) dismissing the complaint with prejudice. Plaintiff also appeals from an October 5, 2016 order denying his motion for reconsideration. We affirm.

The facts relevant to plaintiff's personal injury action are undisputed. On February 14, 2011, plaintiff slipped and fell on snow or ice on a sidewalk adjacent to his apartment building. As a result, plaintiff suffered a bimalleolar ankle fracture requiring surgery. In February 2011, the apartment building was owned by Coolidge and managed by Dante.[1] Charles Holthausen, Sr. (Charles Sr.) was the superintendent and maintenance person in charge of snow and ice removal at the apartment building in February 2011.

Plaintiff filed a personal injury complaint on February 14, 2013. In August 2013, plaintiff's complaint was dismissed without prejudice for lack of prosecution. Dante was not served with the

_____

[1] Coolidge sold the apartment building prior to the filing of plaintiff's complaint. Dante sold its interest related to management of the apartment building sometime in 2011.

complaint until June 2014 and Coolidge was not served with the complaint until July 2014.[2]

Because plaintiff's complaint was still dismissed in 2014, defendants were unable to file answers. On January 31, 2015, Charles Sr. died. Defendants contend Charles Sr. was the person with knowledge regarding snow and ice removal at the apartment building on the date of plaintiff's fall. Plaintiff took no further action to pursue his case until June 9, 2015, when he filed a motion to restore his complaint to the active trial calendar.

On June 26, 2015, the motion judge heard argument on the motion to restore the complaint. Plaintiff claimed events in his personal life "prohibited him from discussing the [case] or contacting his attorney." In opposition to the motion, defendants argued that plaintiff's twenty-eight month delay in prosecuting his claims prejudiced their ability to present a defense. Defendants explained that since plaintiff's fall in 2011, the building was sold, the management company ceased to exist, the sidewalks were replaced, and they were unsure whether Charles Sr. was still alive.

---

[2] The record does not indicate whether defendant Township of Irvington was ever served with the complaint.

A-1170-16T4

The judge denied plaintiff's motion to restore his complaint. However, the judge agreed to reinstate the complaint for a sixty-day period "for the limited purpose of allowing discovery by the parties on the issue of whether or not there is actual prejudice to the defendant[s]."

On August 14, 2015, defendants moved to dismiss the complaint with prejudice, arguing the death of Charles Sr. and plaintiff's inexcusable delay in prosecuting his claims resulted in actual prejudice to their ability to defend the matter. On September 4, 2015, the same motion judge heard argument on defendants' motion.[3] The judge denied defendants' motion based on plaintiff's contention that Charles Holthausen, Jr. (Charles Jr.), the son of Charles Sr., worked for defendants and might have knowledge relevant to plaintiff's case.

The parties then deposed Charles Jr. regarding plaintiff's fall on February 14, 2011. According to his deposition testimony, Charles Jr. occasionally helped his father with duties related to the property, including snow removal and salting. However, Charles Jr. testified he was not responsible for snow and ice removal at

---

[3] On that date, the judge issued another dismissal notice, advising plaintiff that on November 3, 2015, the matter would again be dismissed without prejudice for lack of prosecution.

the property in February 2011. In addition, Charles Jr. had no recollection of any snow removal activities on February 14, 2011.

Because plaintiff failed to file a motion to restore his complaint, on November 6, 2015, the trial court dismissed the complaint for lack of prosecution. Seven months later, plaintiff filed a motion to reinstate his complaint and defendants filed a cross-motion to dismiss the complaint with prejudice.

The motion judge denied plaintiff's motion and granted defendants' cross-motion on August 9, 2016. The judge found Charles Jr. was not the building superintendent in February 2011, was not responsible for snow removal at the apartment building in 2011, and had no recollection of the snow storm on February 14, 2011. Based on the death of Charles Sr., the judge concluded defendants suffered actual prejudice due to plaintiff's delay in reinstating the complaint.

The judge also determined plaintiff failed to demonstrate good cause in restoring the matter. In attempting to show good cause, plaintiff explained he lost his job as a result of his injuries and was homeless until August 2014. Plaintiff asserted he was unable to deal with his lawsuit due to the pain attributable to his February 2011 injury. The motion judge rejected plaintiff's explanations, stating

> [t]here has been absolutely no explanation, despite the hardships in the plaintiff's life that the [c]ourt will assume existed during that time period. That doesn't provide any explanation for why the plaintiff didn't reach out to his attorney, keep him apprised of where he is, give his attorney some means to communicate with him, so that if there had to be discovery, it could be completed.
>
> It has to be kept in mind here that the person who delayed was the person who brought the lawsuit. . . . [P]laintiff basically abandoned his lawsuit until such time as it was more convenient for him to get in touch with plaintiff's [c]ounsel and seek to pursue the litigation a bit further.

Plaintiff moved for reconsideration of the August 9, 2016 order. The judge denied the motion on October 5, 2016, concluding plaintiff failed to present any facts, evidence, or controlling law overlooked by the court. In denying the motion for reconsideration, the judge stated "thinking that the [j]udge [was] wrong is not a grounds for a motion for reconsideration."

On appeal, plaintiff argues the motion judge erred in dismissing his complaint with prejudice and denying his motion for reconsideration because he satisfied the good cause standard for reinstatement of his pleading.

We review "an order denying reinstatement of a complaint dismissed for lack of prosecution . . . under an abuse of discretion standard." <u>Baskett v. Kwokleung Cheung</u>, 422 N.J. Super. 377, 382 (App. Div. 2011). We "decline[] to interfere with

A-1170-16T4

[such] matter of discretion unless it appears that an injustice has been done." St. James AME Dev. Corp. v. City of Jersey City, 403 N.J. Super. 480, 484 (App. Div. 2008) (alteration in original) (quoting Cooper v. Consol. Rail Corp., 391 N.J. Super. 17, 23 (App. Div. 2007)).

Rule 1:13-7(a) provides for reinstatement of a dismissed complaint upon the filing of a motion, which shall be granted on good cause shown if the motion for reinstatement is filed within ninety days of the order of dismissal.[4] In applying Rule 1:13-7, "courts have been consistent in following prior case law by engrafting an 'absence of prejudice to the defendant' standard onto the 'good cause' standard." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7 (2018).

"[A]bsent a finding of fault by the plaintiff and prejudice to the defendant," motions to reinstate a complaint dismissed for lack of prosecution should be viewed liberally. Ghandi v. Cespedes, 390 N.J. Super. 193, 197 (App. Div. 2007). In considering the prejudice to a defendant in reviewing a motion to reinstate pursuant to Rule 1:13-7, "[t]he key determinate . . . is whether 'specific or demonstrable prejudice' was inflicted upon

---

[4] The judge applied the more liberal "good cause" standard of Rule 1:13-7(a) despite the passage of more than ninety days from the order of dismissal (November 6, 2015) until plaintiff filed a motion to restore his complaint (June 9, 2016).

the defendant. . . . To that end, '[t]he principal concern in determining prejudice is impairment of the defendant's ability to present a defense on the merits.'" Stanley v. Great Gorge Country Club, 353 N.J. Super. 475, 490 (Law Div. 2002) (fourth alteration in original) (quoting State v. One 1986 Subaru, 120 N.J. 310, 315 (1990)). "[T]he prejudice alleged must be concrete and not hypothetical." Ibid.; see also Moschou v. DeRosa, 192 N.J. Super. 463, 467 (App. Div. 1984).

Here, plaintiff, not his attorney, caused the inordinate delay in prosecuting this matter, resulting in concrete prejudice to defendants. The prejudice included the following: the death of defendants' key witness in 2015; the sale of the property in 2011; the replacement of the sidewalks in 2011, and the cessation of operations by the management company in or about 2011. Consequently, defendants were denied an opportunity to defend in this case.

We reject plaintiff's argument that the pain associated with his 2011 injury satisfied good cause favoring reinstatement of the complaint. Rule 1:13-7 prompts litigants to take action or risk dismissal of a complaint. Plaintiff was advised twice that he needed to take action regarding his complaint or face dismissal of his claims. If plaintiff had contacted his attorney, counsel would have taken action to pursue plaintiff's claims. However,

plaintiff elected not to contact his counsel for nearly two years after filing his complaint.

Nor do we find merit in plaintiff's argument that the testimony of Charles Jr. supports his claims. Having reviewed the record, we agree that Charles Jr. had no responsibility to remove the snow or ice and had no specific recollection of any snow event preceding the incident. Moreover, since the property was sold in 2011, defendants no longer have access to records or documents evidencing maintenance, repairs, or snow removal in 2011. Plaintiff's inexplicable delay in prosecuting his case caused defendants to lose any opportunity to defend against his claims.

We review reconsideration motions for abuse of discretion. Cumming v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). Rule 4:49-2 provides that a party may file a motion for reconsideration seeking to alter or amend a judgment or order, as long as the motion "state[s] with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred." R. 4:49-2.

We find no abuse of discretion in the judge's denial of reconsideration. Plaintiff failed to present any facts or evidence overlooked by the court in the first instance.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-1170-16T4