IN THE MATTER OF THE ESTATE OF WILLIAM MITCHELL BARRETT, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided April 28, 1954.

*Mr. Harrison F. Durand* (*Mr. Doane Twombly,* of counsel), attorney for plaintiff.

*Messrs. Morrison, Lloyd & Griggs,* attorneys for defendant City Bank Farmers Trust Co.

*Messrs. Stryker, Tams & Horner* (*Mr. George A. Smith,* of counsel), attorneys for defendant Rutherford Trust Co.

*Messrs. Greene & Hellring,* attorneys for respondent Stanton Davis.

*Messrs. Winne & Banta,* attorneys for respondents Esler, Davis, Searles, Hennessey, Kinghorn, Smail, *et al.*

GRIMSHAW, J. S. C.  In the first count of his complaint the plaintiff as executor of and residuary legatee under the last will and testament of William Wilson Barrett, deceased, seeks a judgment requiring the Rutherford Trust Company and Carleton S. Cooke, as trustees under the last will and testament of William Mitchell Barrett, deceased, to account for their administration of the trust set up under the will of William Mitchell Barrett.

In the second count the plaintiff seeks a judgment restraining the defendant City Bank Farmers Trust Company, sur-

viving executor of and trustee under the will of John W. Barrett, deceased, from prosecuting in the Surrogate's Court of the County of New York and State of New York an action to compel the Rutherford Trust Company and Carleton S. Cooke as trustees under the will of William Mitchell Barrett, to render an account of their administration of that portion of the trust estate derived from the estate of John W. Barrett, deceased.

John W. Barrett died a resident of the State of New York on February 1, 1934, leaving a last will and testament which was probated in the County of New York on February 16, 1934. In that will Mabel Allan Barrett and City Bank Farmers Trust Company were named as executors and trustees. The will of John W. Barrett, in the sixth clause thereof, provided in part as follows:

"(b) Two-Fifths of my residuary estate shall be held in trust during the life of my brother, William Mitchell Barrett, invested and reinvested, the income therefrom paid or applied in at least quarterly instalments to the use of my said brother during his life. Upon his death the trust of said share of my residuary estate shall terminate and the principal thereof shall be transferred and paid over to such persons and in such proportions as said William Mitchell Barrett shall by his Last Will and Testament designate and appoint. In the absence of any specific appointment of this remainder by my brother's Will, a residuary clause in his Will shall be a sufficient designation and appointment hereunder."

William Mitchell Barrett died on January 25, 1938, a resident of Bergen County, leaving a last will and testament which was duly probated in that county on February 9, 1938. In the said will the Rutherford Trust Company and Carleton S. Cooke were appointed executors and trustees. The will of William Mitchell Barrett provided, among other things, as follows:

"Fourth: After paying the said legacy, my debts and the taxes aforesaid and the expenses of administration of my estate, my Executors hereinafter named shall turn over to themselves and hold as Trustees all the rest, residue and remainder of my property and estate of whatsoever name and nature and wheresoever situate, including therein the property formerly of my deceased brother, John W. Barrett, in which I have a life estate under the trust established

in and by his Last Will and Testament dated the 20th day of April, 1929, and admitted to probate in the Surrogate's Court of the County of New York, on or about the 16th day of February, 1934, and as to the principal whereof the said Will gives me power to designate and appoint the transfer and payment thereof by my Last Will and Testament, which power I do now hereby exercise and hereby designate and appoint my Executors and Trustees to take, receive and collect the principal of said trust fund, as also any other property over which I may be given power of appointment by the will or deed of any other person; but Nevertheless, In Trust, and upon the uses and trusts, and for the purposes following, to wit: To divide and hold and apply the same respectively as is hereinafter set forth, namely:

Fifth: Three-fifths (3/5) of my said residuary estate shall be held in trust during the life of my wife, Mary E. Barrett, and invested and reinvested as herein provided, and the net income thereof shall be paid to her or to her use so long as she shall live. Upon her death (my son William Wilson Barrett surviving her) the said income shall be paid to my said son, William Wilson Barrett, or applied to his use so long as he shall live. Upon his death (or upon the death of my said wife if he shall predecease her) the trust shall terminate and the principal thereof shall go and be distributed to and among such persons or legatees and in such manner as my said son William Wilson Barrett shall, by his Last Will and Testament, designate and appoint.

Sixth: The other two-fifths (2/5) of my said residuary estate shall be held in trust during the life of my said son William Wilson Barrett and invested and reinvested as herein provided, and the net income thereof shall be paid to him or to his use so long as he shall live. Upon his death (my said wife Mary E. Barrett surviving him) the said income shall go and be paid to her, my said wife, Mary E. Barrett, or to her use, so long as she shall live; and upon her death, if she shall have survived my said son, or upon his death, if she shall have predeceased him, the trust shall terminate and the principal thereof shall go and be distributed to and among such persons or legatees and in such manner as my said son, William Wilson Barrett shall, by his Last Will and Testament, designate and appoint."

Following the death of William Mitchell Barrett, Mabel Allan Barrett and City Bank Farmers Trust Company, trustees of the trust for William Mitchell Barrett under the last will and testament of John W. Barrett, deceased, applied for the judicial settlement of their account before the Surrogate of New York County. Thereafter that court, by its order dated December 28, 1938, provided among other things as follows:

"Ordered, Adjudged and Decreed that said accountants transfer, pay over and deliver to Carleton S. Cooke and Rutherford Trust Company, as domiciliary executors of and trustees under the last will and testament of William Mitchell Barrett, deceased, the sum of Three hundred sixty three thousand six hundred thirty five and 10/100 dollars ($363,635.10) consisting of Two hundred forty four and 92/100 dollars ($244.92) of cash and Three hundred sixty-three thousand three hundred ninety and 18/100 ($363,390.18) of securities at the values at which the same are set forth in Schedule 'H' of the account in lieu of the money value thereof in full payment and satisfaction of all balances of principal which they are entitled to receive on the termination of this trust and by virtue of the exercise of the power of appointment by the said William Mitchell Barrett, deceased."

The attorneys for Mabel Allan Barrett, individually, consented to the entry of the order. Mabel Allan Barrett died May 23, 1942. Mary E. Barrett, widow of William Mitchell Barrett, died September 30, 1941. William Wilson Barrett died July 15, 1952. By a judgment of this court, dated January 26, 1954, the will of William Wilson Barrett was admitted to probate. In that will William Wilson Barrett devised and bequeathed his residuary estate to the plaintiff Lester J. Nolf, who was named therein as executor.

On or about March 8, 1954 City Bank Farmers Trust Company, as executor of the last will and testament of Mabel Allan Barrett, deceased, and as surviving executor of and trustee under the last will and testament of John W. Barrett, deceased, filed a petition in the Surrogate's Court of New York County seeking an order of that court compelling the Rutherford Trust Company and Carleton S. Cooke as executors of and trustees under the last will and testament of William Mitchell Barrett, deceased, to account for the property received by them from the estate of John W. Barrett. It is alleged that William Mitchell Barrett failed validly to exercise the power of appointment given to him under the will of John W. Barrett and that, therefore, the property subject to such power passed to Mabel Allan Barrett and William Mitchell Barrett as the sole next-of-kin and heirs-at-law of John W. Barrett, deceased. And, also it is alleged that the estate of Mabel Allan Barrett is entitled to one-half

of the trust fund received from the estate of John W. Barrett by the Rutherford Trust Company and Carleton S. Cooke as executors and trustees under the last will and testament of William Mitchell Barrett, deceased, plus $10,000. Thereafter the complaint in this cause was filed.

The matter is presently before me on an application for an interlocutory injunction restraining the defendant City Bank Farmers Trust Company from prosecuting the action in the Surrogate's Court of New York County. At the argument the application for interlocutory relief was broadened to include a prayer that the Rutherford Trust Company and Carleton S. Cooke as trustees, as aforesaid, be restrained from filing an account in the Surrogate's Court of New York County.

It is difficult to comprehend at this late date what justification there is for a requirement that New Jersey trustees account in New York for the administration of funds which on the order of the New York court were turned over to them as domiciliary trustees in 1938. Since that date Carleton S. Cooke and the Rutherford Trust Company as trustees of the Estate of William Mitchell Barrett, deceased, have without objection rendered accounts of their stewardship to the Bergen County Court. These accounts have always included the fund received from the estate of John W. Barrett, deceased. The proper place for New Jersey trustees to account for their administration of a New Jersey trust is in the courts of this State. Upon such an accounting the claim of the defendant City Bank Farmers Trust Company, executor of Mabel Allan Barrett, to a portion of the trust, could be litigated.

My original inclination was to grant an interlocutory injunction against the further prosecution of the New York action. Further consideration of the problem has persuaded me that such a course would be improper. The New York action is directed against the trustees of the estate of William Mitchell Barrett. They have not sought the injunctive aid of this court. Presumably they are prepared to contest before the New York surrogate the right of the executor of

Mabel Allan Barrett to the relief sought. That action was instituted prior to this litigation and interference therewith by this court at this time would be unseemly, since the New York court is capable of affording adequate relief and doing complete justice. *O'Loughlin v. O'Loughlin*, 6 *N. J.* 170 (1951).

■■ We come, then, to the position of the plaintiff in this cause. He grounds his prayer for interlocutory relief upon the allegation that he is threatened with irreparable damage. The action for the probate of the will of William Wilson Barrett was bitterly contested. It resulted in a judgment which was a complete victory for the plaintiff herein. Subsequent to the entry of judgment the various defendants appealed. Negotiations between the parties were had which resulted in a tentative settlement of the litigation. The plaintiff is without funds of his own and in order to consummate the settlement he requires an advancement out of the trust held by the trustees of the estate of William Mitchell Barrett. He alleges that such advancement will not be forthcoming so long as the New York action is pending. He also asserts that the proposed settlement is imperiled and that its failure to be consummated would result in irreparable damage to him.

For this court to hold that irreparable damage would result from the failure of a successful litigant to compromise the litigation in which he had triumphed would, in effect, be a stultification of the court's own judgment. But disregarding that aspect of the matter and also disregarding the fact that mere loss of money does not constitute irreparable damage, the record is clear that there are presently in the hands of the Rutherford Trust Company and Carleton S. Cooke, as trustees, sums greatly in excess of any amount required to consummate the settlement contemplated by the plaintiff, and the prosecution of the New York action will not in any way hamper the proposed settlement.

For the reasons indicated, therefore, the motion for an interlocutory injunction will be denied.