FLORENCE E. HAYES, APPELLANT, v. BOARD OF TRUSTEES OF THE PUBLIC EMPLOYEES' RETIRE-MENT SYSTEM AND PRUDENTIAL INSURANCE COM-PANY OF AMERICA, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted May 3, 1977—Decided May 17, 1977.

Before Judges HALPERN, ALLCORN and BOTTER.

*Mr. John J. Lynch,* attorney for appellant.

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent Board of Trustees of the Public Employees' Retirement System (*Ms. Erminie L. Conley,* Deputy Attorney General, of counsel; *Mr. Stacy L. Moore, Jr.,* Deputy Attorney General, on the brief).

*Messrs. Russo, Tumulty & Nester,* attorneys for respondent Prudential Insurance Co. of America, filed a statement in lieu of brief.

The opinion of the court was delivered by

BOTTER, J. A. D. By claim made to the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) and by an action in the Law Division which was ordered transferred to this court after the Board denied the claim, appellant, as designated beneficiary, sought payment of optional contributory death benefits by reason of the death of her mother, Eleanor Metzler.

Mrs. Metzler was first employed as a temporary employee in the Hudson County Prosecutor's Office on November 14, 1966. As a temporary employee she was not eligible for membership in PERS. *N. J. S. A.* 43:15A–7(b) ; *N. J. S. A.* 43:15A–75(b). This is consistent with other provisions of public retirement systems which exclude temporary employees from membership. *N. J. S. A.* 43:15A–65(b) ; *N. J. S. A.* 43:16A–1(2) ; *N. J. S. A.* 18A:66–2(p). Mrs. Metzler became a permanent employee on May 22, 1967 when she was 60 years and 19 days old. On September 25, 1967 she applied for enrollment in PERS but understated her age by

two years. As a result she did not comply with instructions on the application directed to persons age 60 or older. Those instructions stated that such applicants "must submit to a medical examination in order to prove insurability" for the contributory insurance program.

Based upon the age stated in the application, Mrs. Metzler was assumed to be properly enrolled and deductions were made from her salary for participation in the contributory life insurance program under a group policy issued by The Prudential Insurance Company of America (Prudential). These deductions continued until her death on July 10, 1975. Appellant then applied for benefits.

The death certificate submitted by appellant showed her mother's true date of birth, May 3, 1907. Accordingly appellant was advised that contributory coverage was denied because decedent failed to furnish proof of insurability, as required, at the time of her enrollment. Appellant was offered a refund of insurance premiums paid as well as all decedent's contributions to PERS plus interest.[1] On appeal to the Board the decision denying contributory death benefit coverage was affirmed.

Proof of insurability is a statutory requirement for persons age 60 and over who apply for contributory death benefit coverage. *N. J. S. A.* 43:15A–57(d) and (e). Coverage is not deemed effective until the first day of the month after "such evidence is determined to be satisfactory." *N. J. S. A.* 43:15A–57(e). However, appellant contends that coverage cannot be denied because, after paying premiums for two years, the coverage became incontestable. Reliance is placed on *N. J. S. A.* 17B:27–12 which applies to group life insurance policies in general. *N. J. S. A.* 17B:27–1 *et seq.*

---

[1]She was also offered noncontributory death benefits of $11,337.47. Formerly, proof of insurability was not required for noncontributory coverage. Such proof was later made a statutory requirement by amendment in 1971. *N. J. S. A.* 43:15A–41.1.

We reject this contention. The incontestability provisions generally governing group life insurance policies cannot prevail over the specific statutory provisions governing coverage for members of PERS. Normally, a specific statute will prevail over a general statute on the same subject. *Kingsley v. Wes Outdoor Advertising Co.,* 55 *N. J.* 336, 339 (1970), aff'g 106 *N. J. Super.* 248 (Cty. D. Ct. 1969); *State v. Dilley,* 48 *N. J.* 383, 387 (1967); *Blasi v. Ehret,* 118 *N. J. Super.* 501, 503 (App. Div. 1972). Here, by the terms of *N. J. S. A.* 43:15A–57(d), any person who is 60 years or older when he or she becomes a member of PERS may "elect to purchase such additional death benefit coverage, provided that the member furnishes satisfactory evidence of insurability * * *." Coverage does not begin until such evidence is furnished. *N. J. S. A.* 43:15A–57(e). Thus, in effect, Mrs. Metzler never obtained insurance coverage to which an incontestability clause could apply. Moreover, in this case we would read the provisions of *N. J. S. A.* 43:15A–57 into the insurance policy issued by Prudential. *Cf. Selected Risks Ins. Co. v. Zullo,* 48 *N. J.* 362, 373–374 (1966). We note that the Board may or may not purchase group life insurance to provide the optional contributory death benefits under *N. J. S. A.* 43:15A–57. *N. J. S. A.* 43:15A–88 and 90. There is no reason to believe that the Legislature intended coverage to be different from the statutory specifications when the Board elects to provide such benefits through a group life insurance policy. Finally, *N. J. S. A.* 17B:27–1 *et seq.* is directed toward private employers, creditors, labor unions, associations and trustees of private employers and labor unions. *N. J. S. A.* 17B:27–5 refers to trustees of a fund established by two or more employers in the same industry or related industries, or by a labor union or employers and labor unions, and section (b) thereof regulates premium contributions to be made in part by employees. These provisions are incompatible with the provisions of PERS governing optional contributory death benefits. The premiums for a group policy issued to an employer or to the trustees of a fund

established by an employer for the benefit of employees cannot be paid solely by employees under *N. J. S. A.* 17B:27–2. However, *N. J. S. A.* 43:15A–57(f) provides that contributions from PERS members who elect to purchase the additional, contributory death benefit coverage shall be established by the Board and shall be "so computed that the contributions made by or on behalf of all covered members in the aggregate shall be sufficient to provide for the cost of the benefits established by this section." Compare, also, *N. J. S. A.* 17B:27–2(c) and 3(c) with *N. J. S. A.* 43:15A–57(k) governing the percentage of participating employees needed for coverage to apply.

 Thus, the incontestability clause under *N. J. S. A.* 17B:27–12 applies to group life insurance policies governed by *N. J. S. A.* 17B:27–1 *et seq.* but not to the policy obtained by the Board for the additional, contributory death benefits provided by PERS pursuant to *N. J. S. A.* 43:15A–57. Therefore, the Board properly denied such benefits to appellant.

Affirmed.