182 N.J. Super. 16 (1981)
440 A.2d 18
LOCAL 617, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, PLAINTIFF-RESPONDENT,
v.
HUDSON BERGEN TRUCKING COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1981.
Decided December 4, 1981.
*17 Before Judges FRANCIS and MORTON I. GREENBERG.
David I. Rosen, member of the New York Bar, argued the cause for appellant (Clifton, Budd, Burke & DeMaria, members *18 of the New York Bar; Carpenter, Bennett & Morrissey, attorneys; Francis X. Dee, of counsel.
J. Sheldon Cohen argued the cause for respondent (Schneider, Cohen & Solomon, attorneys).
PER CURIAM.
This is an appeal by the defendant employer, Hudson Bergen Trucking Company, from the denial of its motion to vacate an order, entered against it by default, confirming an arbitration award in a dispute involving an employee and the plaintiff union. Defendant sought to have the confirmation order vacated on the ground that it had not been properly served with the order to show cause and complaint filed by the union seeking confirmation and thus the court did not obtain in personam jurisdiction over defendant in the matter. The union had served the New York City attorney who had represented defendant in the arbitration matter. Defendant's motion to vacate the confirmation order was denied by the trial court which held that when defendant authorized the New York attorney to execute a written submission to arbitration agreement on defendant's behalf, defendant placed no limitation on the attorney's agency either as an attorney or otherwise. The court concluded that:
"by thus holding him out as the individual responsible for the conduct of the proceeding on behalf of the employer, defendant here must be said to have so acted as to justify plaintiff's presuming that [the attorney] was an authorized agent for receipt of service of the order to show cause and verified complaint."
Defendant's contention on appeal is no different from its contention below. Defendant argues that the confirmation order entered by default against it is void for lack of in personam jurisdiction over defendant because plaintiff's service of the order to show cause and verified complaint upon the New York attorney at his New York office was insufficient and ineffective for jurisdictional purposes since the attorney was not one of those persons delineated by R. 4:4-4(c)(1) to receive service of process on defendant's behalf. We agree and reverse.
*19 R. 4:4-4 prescribes the manner in which summonses, writs and complaints are to be served in this State. Subsection (c)(1) deals with service of process upon corporations and provides that service of process shall be made:
... upon a domestic or foreign corporation, by serving, in a manner prescribed in paragraph (a), either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof.
The question is whether the New York attorney representing defendant in the arbitration proceeding falls within any of the categories delineated in the court rule as appropriate persons to receive service of process.
While there are no reported cases in this State defining what is meant by a "person authorized by appointment or by law to receive service of process" for a corporation, our state court rule is virtually identical to that found in the Federal Rules of Civil Procedure[1] (Fed.R.Civ.Pro. 4(d)(3)) and thus we may look for guidance to cases emanating from the federal jurisdictions as well as to treatises dealing with the Federal Rules of Civil Procedure. Moore's Federal Practice and Wright and Miller, Federal Practice and Procedure: Civil provide concise articulations about what is meant by the phrase "any other agent authorized by appointment or by law to receive service of process." Paragraph 4.22[1] of Moore's Federal Practice (2d ed. 1979) explains that:
"Any other agent authorized by appointment" refers to an agent expressly or impliedly appointed by the corporation, partnership or other unincorporated association subject to suit under a common name....
The agency for the receipt of process may be implied from the surrounding circumstances. But the mere appointment of an agent, even with broad authority *20 is not enough; it must be shown that the agent had specific authority, express or implied, for the receipt of service of process. While an attorney may be such an agent, the same principles apply in determining whether the attorney was specially vested with authority to receive service of process. An agent's acceptance of service, or his own statement as to his authority is insufficient, standing alone, to establish authorization to receive service of process. [at 4-186 to 4-188; footnotes omitted].
Sections 1097 and 1101 of Wright and Miller, Federal Practice and Procedure: Civil state that:
The cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process normally is expected. Accordingly, the mere fact that a person acts as a defendant's agent for some purposes does not necessarily mean that he has authority to receive process. The courts look to the circumstances of the agency relationship, and although authority to accept process need not be explicit, it must either be expressed or implied from the type of relationship between defendant and the alleged agent. Thus, a financial agent or manager of defendant's business or even his attorney probably will not be deemed an agent appointed to receive process absent a factual basis for believing that an appointment of this type has taken place. Consistently with this judicial construction of "appointment," the courts have held that protestations by an agent that he has authority to receive process or the fact that an agent actually accepts process is not enough to bind defendant; there must be evidence that defendant himself intended to confer such authority upon the agent. The requisite intent, however, may be implied from the terms of a broad power of attorney or from the circumstances surrounding the service upon the agent. [§ 1097 at 370-372]
The federal courts have consistently held that, in the absence of an express agreement between the agent and principal or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization to accept service of process on behalf of a corporation or an individual would not be deemed to exist. Miree v. United States, 490 F. Supp. 768 (N.D.Ga. 1980); United States v. Marple Community Record, Inc., 335 F. Supp. 95 (E.D.Pa. 1971); WICA, Inc. v. WWSW, Inc., 191 F.2d 502 (D.C. Cir.1951), Burger Chef Systems, Inc. v. Baldwin Inc., 365 F. Supp. 1229 (S.D.N.Y. 1973).
The only evidence in this record concerning the "authority" vested in the New York attorney by defendant is in the form of the written submission agreement  a standard form provided by the New Jersey State Board of Mediation which contains blanks wherein the specific controversy is to be stated, as well as the *21 parties' names and the name of the arbitrator. There are signature lines provided for the representative of the employer and the union as well as a witness to their signatures. The submission form indicates that the representatives, "the undersigned," agreed to submit the captioned controversy to arbitration. It further asserts that a collective bargaining agreement existed between the employer and the union, that the controversy was to be submitted for a decision to a particular arbitrator and that the undersigned representatives "further agree that we will faithfully abide by and perform any award made pursuant to this agreement and that such award shall be binding and conclusive upon us."
Obviously, that submission form contains no express authorization by defendant to its New York attorney-representative to accept service of process on defendant's behalf. Nor do we see any possibility that such authorization can be implied from either the language in the submission agreement or the circumstances of the New York attorney's representation of defendant. There is nothing in the agreement's language to even suggest the attorney's authorization to receive service of process for defendant. Moreover, unlike the situation in Burger Chef Systems, Inc. v. Baldwin Inc., supra, there is no rule governing State Board of Mediation proceedings which authorizes a party or its attorney to accept service of process in any action connected with the arbitration proceeding.
It is clearly plaintiff's burden of proving that an agency relationship existed between defendant's New York attorney-representative and defendant. Since the only evidence in the record concerning this relationship is the written submission to arbitration agreement, we must conclude that plaintiff failed to meet its burden of proof and that the trial judge erred in deciding to the contrary. The courts of this State never obtained in personam jurisdiction over the corporation because defendant was improperly served and thus the order of confirmation entered against defendant is void. The order denying defendant's motion to vacate the confirmation order is reversed.
*22 The attempted manner of service, while insufficient under our rules, was made in good faith. Accordingly, we hold that our determination vacating the judgment shall be without prejudice to the right of respondent Local 617 to continue the litigation by effecting service on Hudson, based on the complaint presently on file, without the necessity of filing a new complaint.
Reversed.
NOTES
[1] Respondent Local 617 contends that the State rule's use of the words "person authorized by appointment or by law" instead of "agent authorized by appointment or by law," as in the federal rule, renders the federal rule sufficiently different so as to preclude any effective analogy to federal cases. We disagree. The two rules present a distinction without a difference. A person authorized by appointment or by law to receive service of process is certainly a corporation agent for that purpose.