198 N.J. Super. 370 (1985)
487 A.2d 331
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF SPARTA, PLAINTIFF-RESPONDENT,
v.
SERVICE ELECTRIC CABLE TELEVISION OF NEW JERSEY, INC., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 8, 1985.
Decided January 25, 1985.
*374 Before Judges MICHELS, PETRELLA and BAIME.
Holzapfel, Perkins & Kelly, attorneys for appellant Service Electric Cable Television of New Jersey, Inc. (Francis R. Perkins, of counsel, Thomas C. Kelly, Albert N. Stender, and Patricia F. Hernandez, on the brief).
Richard H. Downes, attorney for respondent Zoning Board of Adjustment of the Township of Sparta (Glen C. Kienz, of counsel and on the letter brief).
Laddey & McGarry filed a statement in lieu of a brief on behalf of respondent Township of Sparta (Brian M. Laddey, of counsel and on the statement).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for intervenor-respondent New Jersey State Board of Public Utilities (Andrea M. Silkowitz, Deputy Attorney General, of counsel; Roberta Nan Berkwits, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Pursuant to leave granted by this court, defendant Service Electric Cable Television of New Jersey, Inc. (Service Electric) appeals from an order of the Law Division entered in favor of plaintiff Zoning Board of Adjustment of the Township of Sparta (Sparta) staying administrative proceedings before the Board of Public Utilities, Office of Cable Television (Board), pending determination of this matter.
In June, 1982, defendant Service Electric, a New Jersey corporation, submitted an application to Sparta to obtain a variance to expand and upgrade its cable television transmission and receiving facilities within the township. Service Electric sought permission to construct an addition to the existing *375 headend facility to house a generator room and equipment room, to erect a second receiving disc, and to erect two two-hundred foot towers for receiving and retransmitting television signals. After numerous public hearings Sparta voted to deny the variance on January 25, 1984.
On March 1, 1984, Service Electric filed an appeal from Sparta's decision with the Board pursuant to N.J.S.A. 48:5A-17(e), seeking an order permitting it to undertake the improvements denied by Sparta. Sparta filed an answer to Service Electric's petition alleging that the Board lacked jurisdiction and that Service Electric should have petitioned the Law Division for relief by a complaint in lieu of prerogative writs. The Office of Administrative Law designated Service Electric's appeal a contested case and assigned the matter to an administrative law judge, who issued a prehearing order. On May 14, 1984, Sparta instituted this action seeking a declaratory judgment (1) that Service Electric is not a public utility and that any appeal from its decision therefore should be made to its (Sparta's) Township Committee pursuant to N.J.S.A. 40:55D-17 of the Municipal Land Use Law, N.J.S.A. 40:55D-1 et seq., not the Board, as provided by N.J.S.A. 48:5A-17(e) of the Cable Television Act, N.J.S.A. 48:5A-1 et seq., and (2) that following passage of the Municipal Land Use Law, specifically N.J.S.A. 40:55D-17, N.J.S.A. 48:5A-17(e) of the Cable Television Act is null and void. Sparta also filed a motion to stay the hearings before the Board. The trial court granted the stay, and we granted Service Electric leave to appeal from that order.
Preliminarily, both the Attorney General and Service Electric object to the adequacy of the service of process and notice with regard to both Sparta's declaratory judgment complaint and its motion for stay of the administrative hearing before the Board.
First, Service Electric urges that it was served with a summons in the declaratory judgment action beyond the ten days following the filing of the complaint as required by R. 4:4-1 and that it was never properly served with notice of the motion for *376 the stay. Service Electric therefore contends that Sparta's complaint should be dismissed and the stay vacated.
Sparta filed its declaratory judgment complaint and its notice of motion for stay of the hearings before the Board on May 15, 1984. Sparta attempted service on Service Electric by sending a copy of the complaint and notice of motion to Albert N. Stender, Esq. (Stender) of the New Jersey law firm of Holzapfel, Perkins & Kelly (which firm is a partner in the New York law firm of LeBoeuf, Lamb, Leiby & MacRae), by certified mail, return receipt requested. The service documents were accompanied by an acknowledgment for receipt of service pursuant to R. 4:4-6. Sparta's attorney apparently decided to serve Stender rather than Service Electric directly because Stender had appeared on Service Electric's behalf at the prehearing conference before the administrative law judge. In addition Sparta's attorney certified that Stender had notified him following the rejection of Service Electric's application for a variance that he had taken over representation of Service Electric "and that he would be handling all their legal proceedings in regard to this matter."
Stender's office received the service documents sometime after May 16, 1984, but, alleging that it did not have authorization from Service Electric to accept service in this matter, did not complete or return the acknowledgment of service. Stender did, however, contact the office of Sparta's attorney and advise a secretary there that proper service had not been made on Service Electric in compliance with the provisions of R. 4:4-4(c)(1). Thereafter, on June 7, 1984, Sparta personally served Clifford Paul, a General Manager of Service Electric, with a copy of the declaratory judgment complaint. Sparta did not, however, serve a copy of the notice of motion for a stay upon Paul. A week later, on June 15, 1984, the trial court granted Sparta's motion for a stay on the basis only of documents submitted by Sparta. Service Electric's attorney, Stender, claims that he did not learn of Sparta's motion until the day before, June 14, 1984, and that he twice attempted that day to *377 reach the trial court to object to its consideration of the motion. Unable to reach the trial court, he allegedly made his argument to the trial court's law clerk.
R. 4:4-6 provides that "an acceptance of the service of a summons, signed by the defendant's attorney ... shall have the same effect as if the defendant had been properly served." The question then is whether, at the time Sparta attempted to serve Service Electric pursuant to R. 4:4-6, Stender was Service Electric's attorney for purposes of service in this matter. The manner in which summonses, writs and complaints are to be served on corporations in New Jersey is clearly set forth by R. 4:4-4(c)(1), which, in pertinent part, provides as follows:
(1) Corporations. Upon a domestic or foreign corporation, by serving, in the manner prescribed in paragraph (a), either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof. If service cannot be made upon any of the foregoing, then it may be made upon the person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then upon any servant of the corporation within this State acting in the discharge of his duties....
In the leading New Jersey case on point, Local 617, Etc. v. Hudson Bergen Trucking Co., 182 N.J. Super. 16 (App. Div. 1981), we adopted the position of the federal courts that the plaintiff has the burden of showing that an alleged agent has specific authority, express or implied, for the receipt of process, stating:
The federal courts have consistently held that, in the absence of an express agreement between the agent and principal or in the absence of circumstances which clearly show that such an agreement was intended by the parties, authorization to accept service of process on behalf of a corporation or an individual would not be deemed to exist. Miree v. United States, 490 F. Supp. 768 (N.D.Ga. 1980); United States v. Marple Community Record, Inc., 335 F. Supp. 95 (E.D.Pa. 1971); WICA, Inc. v. WWSW, Inc., 191 F.2d 502 (D.C. Cir.1951), Burger Chef Systems, Inc. v. Baldwin Inc., 365 F. Supp. 1229 (S.D.N.Y. 1973). [182 N.J. Super. at 20].
In the instant case Sparta failed to fulfill its burden of showing that Stender or his firm had an express or implied agency agreement to accept process on Service Electric's behalf. *378 Though Stender was representing Service Electric in related proceedings, Service Electric had not given Stender or any member of his law firm express authorization to accept service of process on its behalf. Moreover, Stender apparently conferred with two officers of Service Electric before deciding to refuse process and made no representation to Sparta's attorney that he was authorized to accept service. In fact, he contacted the office of Sparta's attorney and advised a secretary there that proper service had not been made.
Although service of the summons and complaint upon Service Electric was made twenty-three days after the filing of the complaint, Service Electric claims no specific or demonstrable prejudice as a result of the time lapse with regard to the summons and complaint and there is no basis to dismiss the complaint on this ground. See Vines v. Orange Memorial Hospital, et al., 192 N.J. Super. 496 (App.Div. 1984); McLaughlin v. Bassing, et al., 100 N.J. Super. 67, 70 (App.Div. 1967) (Sullivan, J.A.D., dissenting opinion), rev'd on grounds stated in dissent, 51 N.J. 410 (1968). Cf. Moschou v. DeRosa, 192 N.J. Super. 463 (App.Div. 1984).
However, since Service Electric was never properly served with the notice of motion for a stay, we are satisfied that the trial court erred in granting the stay. It is fundamental that with certain exceptions, a party making a motion in a civil matter must serve all parties who had appeared not later than 14 days before the return date. R. 1:5-1; R. 1:6-3. Failure to comply with this requirement may result in dismissal of the motion. R. 1:2-4. The record is in conflict as to whether Service Electric's attorney, Stender, had knowledge of the motion on May 31, 1984, or June 14, 1984. However, it is undisputed that Service Electric was never properly served with the notice of motion. No proof of service appears in the record. See R. 1:5-3. The trial court decided the motion solely on the basis of papers submitted by Sparta, in spite of Stender's objections the previous day by phone that the motion was *379 improperly before the trial court. With the apparent dispute in the record as to whether Service Electric even had knowledge of the motion, we are convinced that the trial court abused its discretion by not dismissing the motion or at least postponing decision of the motion until Service Electric had an opportunity to appear and be heard in opposition to it. Kohn's Bakery, Inc. v. Terracciano, 147 N.J. Super. 582, 584-585 (App.Div. 1977). See R. 1:2-4; 4:37-2(a). Due process demanded nothing less. Sparta's noncompliance with the service requirements for motions clearly caused Service Electric demonstrable prejudice by denying it the opportunity for at least oral if not written argument in opposition to the stay. McLaughlin, supra, 100 N.J. Super. at 70. See Moschou v. DeRosa, supra.
Beyond this, we are convinced that the trial court erroneously granted the motion staying the administrative proceeding pending a determination of Sparta's declaratory judgment action. An interlocutory injunction is an extraordinary equitable remedy utilized primarily to forbid and prevent irreparable injury, and it must be administered with sound discretion and always upon consideration of justice, equity, and morality in a given case. Suenram v. The Society of the Valley Hospital, 155 N.J. Super. 593, 596-597 (Law Div. 1977). See N.J. State Bar Ass'n v. Northern N.J. Mortgage Associates, 22 N.J. 184, 194 (1956); New Chancellor Cinema, Inc. v. Town of Irvington, 169 N.J. Super. 564, 572 (Law Div. 1979); Citizen's Coach Co. v. Camden Horse R.R. Co., 29 N.J. Eq. 299, 303 (1878). Such preliminary injunctive relief should not issue unless the plaintiff demonstrates a probability of eventual success on the claim, there is a threat of immediate and irreparable harm to the plaintiff, and the inconvenience or loss to the opposing party will be minimal if the relief is obtained. R. 4:52-1, 52-2. See Crowe v. DeGioia, 90 N.J. 126, 132-134 (1982); New Chancellor Cinema, Inc., supra, 169 N.J. Super. at 572; Suenram, supra, 155 N.J. Super. at 597. See Citizen's Coach, supra.
*380 Here, Sparta failed to establish its likelihood of success in this declaratory judgment action. Sparta argues, among other things, that the appeals provisions of the Municipal Land Use Law, N.J.S.A. 40:55D-17, impliedly repealed the appeals provision of the Cable Television Act, N.J.S.A. 48:5A-17(e). N.J.S.A. 48:5A-17(e), adopted by our Legislature in 1972, provides for appeals to the Board from the denial by municipal boards of adjustment of any application for a zoning variance or other municipal act necessary to permit a cable television company to locate or install transmission facilities within a municipality. N.J.S.A. 40:55D-17, adopted in 1975, is a more general provision, providing for appeals to a municipality's governing body of denials by municipal boards of adjustment of applications for zoning variances related to development. N.J.S.A. 40:55D-17; see N.J.S.A. 40:55D-70. "Development" means
the division of a parcel of land into two or more parcels, the construction, reconstruction, conversion, structural alterations, relocation or enlargement of any building or other structure, or of any mining, excavation or landfill, and any use or change in the use of any building or other structure, or land or extension of use of land, for which permission may be required pursuant to this act. [N.J.S.A. 40:55D-4].
For purposes of assessing Sparta's likelihood of success, we assume that the expansion of cable television facilities within a township's borders constitutes "development" for purposes of N.J.S.A. 40:55D-17, and that the statutes are therefore in pari materia, since they are related to the same subject matter. See Clifton v. Passaic County Board of Taxation, 28 N.J. 411, 421 (1958).
Of course, repeals by implications are not favored. In the absence of an express repealer, there must be a clear showing of legislative intent to effect a repeal. N.J. State P.B.A. v. Morristown, 65 N.J. 160, 164 (1974); Brewer v. Porch, 53 N.J. 167, 173 (1969); Department of Labor and Industry v. Cruz Construction Co., 45 N.J. 372, 380 (1965); Swede v. City of Clifton, 22 N.J. 303, 317 (1956). The Legislature is presumed to be familiar with its own enactments, and to have passed or preserved cognate laws with the intent that they *381 be construed to serve a useful and consistent purpose. State v. Federanko, 26 N.J. 119, 129 (1958). See Appeal of New York State Realty & Terminal Co., 21 N.J. 90 (1956); Barringer v. Miele, 6 N.J. 139 (1951); Eckert v. New Jersey State Highway Dept., 1 N.J. 474 (1949). Moreover, it is well-established that a specific statutory provision dealing with a particular subject prevails over a general statute on the same subject. Graziano v. Mayor & Tp. Comm. of Montville Tp., 162 N.J. Super. 552, 564 (App.Div. 1978), certif. den. 79 N.J. 462 (1978). See W. Kingsley v. Wes Outdoor Advertising Co., 55 N.J. 336, 339 (1970); Hayes v. Bd. of Trust. Pub. Empl. Retirem't Syst., 150 N.J. Super. 85, 89 (App.Div. 1977); Burg v. State, 147 N.J. Super. 316, 324-325 (App.Div. 1977), certif. den. 75 N.J. 11 (1977).
Both statutes in the instant case address the procedures for appeal from the denial of a zoning variance by a board of adjustment. N.J.S.A. 48:5A-17(e), however, addresses the special case wherein a board of adjustment denies the application of a cable television company and is consistent with the Legislature's obvious intent to have the Department of Public Utilities regulate cable television. Applying the rule that a specific statutory provision prevails over a general provision and in the absence of legislative intent to the contrary, we conclude that Sparta's claim that N.J.S.A. 40:55D-17 implicitly repealed the appeals provision of the cable television act would not likely succeed. Apparently, this jurisdictional issue was not raised before or decided by the trial court. In our view the resolution of this important issue should have been made in the first instance by the trial court.
Sparta has also failed to make a showing of immediate and irreparable injury. The only "irreparable harm" alleged, and indeed the sole grounds alleged for justifying the stay, is that the failure to grant the stay would result in "costly cumbersome proceedings." However, "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Virginia *382 Petroleum Job. Ass'n v. Federal Power Comm'n, 259 F.2d 921, 925 (D.C. Cir.1958). See In re Barrett, 30 N.J. Super. 331, 337 (Chan.Div. 1954).
Accordingly, the order staying the proceedings pending before the Board is reversed and the stay hereby vacated. The matter is remanded to the trial court for further proceedings. We do not retain jurisdiction.