CRABTREE, J.T.C.
This is a local property tax case wherein defendant moves to dismiss plaintiffs complaint for untimely filing. For the reasons hereinafter stated the motion will be denied.
The sole issue in this case is the sufficiency of service of the county board judgment for the purpose of calculating the time within which the complaint must be filed with this court.
The facts as set forth in the parties’ respective certifications are not in dispute. Defendant’s tax collector filed a petition of appeal with the Bergen County Board of Taxation seeking to impose an assessment for 1987 on property located at 225 Ruckman Avenue, Hillsdale, New Jersey (Block 2101, Lot 13). The property had been omitted from the 1987 assessment rolls by reason of a computer error. Notice of the appeal was given to the record owners, Moe and Anna Frankel, both of whom had been deceased for several years. The hearing was held September 18, 1987, at which time Newton Frankel, son of the late Moe and Anna Frankel and executor of their estates, appeared, accompanied by counsel, Allan J. Kaplowitz. Kaplowitz entered his appearance upon behalf of the property owner.
On October 14, 1987, the county board entered judgment restoring the omitted assessment. While the memorandum of judgment bears a stamp indicating service of the judgment on October 15, 1987, it does not appear that service was made on Newton Frankel. Indeed, there is no indication upon whom service was made. He states in his certification that he does not recall receiving a copy of the judgment from the county board. He does indicate, however, that he received a letter dated October 23, 1987 addressed to Mr. and Mrs. Moe Frankel from the Borough of Hillsdale transmitting a copy of the memorandum of judgment. He states, further, that he advised Kaplowitz during the last week of October of his receipt of the borough’s letter and the memorandum of judgment.
The county board never served a copy of the memorandum of judgment upon Kaplowitz.
*215 The complaint in this case was filed with this court on December 4, 1987.
The tax collector of defendant taxing district filed a petition with the county board to restore an omitted assessment to the tax rolls pursuant to N.J.S.A. 54:4-63.13. The county board conducted a hearing and entered judgment restoring the omitted assessment on the subject property pursuant to N.J.S.A. 54:4-63.14. Review of the county board judgment is authorized by N.J.S.A. 54:4-63.23, in accordance with the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq. Included among the provisions of the latter statute is N.J.S.A. 54:51A-1 a, which allows review of county board judgments in the Tax Court pursuant to rules of court. R. 8:4-l(a)(2) provides that a complaint seeking review of a county board judgment in a local property tax matter must be filed within 45 days of service of the county board judgment. Where such service is made by mail the complaint must be filed within 48 days of the date of service. R. 1:3-3.
Compliance with statutory filing requirements is an unqualified jurisdictional imperative, long sanctioned by our courts. Newark v. Fischer, 3 N.J. 488, 70 A.2d 733 (1950); Danis v. Middlesex Cty. Bd. of Tax, 113 N.J.Super. 6, 272 A.2d 542 (App.Div.1971); Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38 (Tax Ct.1982). Failure to file a timely appeal is a fatal jurisdictional defect. Clairol v. Kingsley, 109 N.J.Super. 22, 262 A.2d 213 (App.Div.), aff'd 57 N.J. 199, 270 A.2d 702 (1970); Sun Life Assur. of Canada v. Orange, 2 N.J.Tax 25 (Tax Ct.1980).
Thus, if service of the county board judgment by mail on October 15, 1987 is valid, plaintiffs complaint, which was filed on December 4, 1987, is late by two days and must be dismissed.
I conclude, however, that service was not valid, and therefore, defendant’s motion to dismiss for late filing must be denied.
*216 The county board’s rules require that the memorandum of judgment be transmitted to the taxpayer. N.J.A.C. 18:12A-1.-12. The county board’s rules also provide that, in circumstances not covered by a specific rule, the rules of the Tax Court govern. N.J.A.C. 18:12A-1.15. Part I of the New Jersey Court Rules contains rules of general application to all courts, including the Tax Court. R. 1:1-1. R. 1:5-1, made applicable to practice in the Tax Court by virtue of R. 1:1-1 provides, pertinently:
In all civil actions, unless otherwise provided by rule or court order, orders, judgments, pleadings subsequent to the original complaint, written motions, and other papers except" a judgment signed by the clerk shall be served upon all attorneys of record____ [Emphasis supplied]
Thus the requirement of R. 1:5-1, that service of a judgment be made upon the attorney of record, is, by reference, one of the rules controlling county board actions.
The importance of service is demonstrated by the Appellate Division’s observation in Zoning Bd. of Adjustment v. Service Elec. Cable TV, 198 N.J.Super. 370, 487 A.2d 331 (App.Div.1985) that a moving party’s failure to serve the attorney for an adverse party may result in a dismissal of the motion.
In this case, plaintiff’s attorney entered his appearance at the county board hearing conducted on September 18, 1987. The county board failed to serve him with a copy of its memorandum of judgment. Accordingly, R. 1:5-1 was not complied with and there was no valid service within the contemplation of R. 8:4-1. As a result, the time for filing a complaint with the Tax Court never began to run and the complaint was thus not filed out of time.[1]
Counsel for plaintiff will prepare the appropriate order and submit it pursuant to R. 4:42-l(b).

The complaint was actually filed only two days after the statutory deadline. This is not a case involving a regular appeal to the county board, where a party is on notice that the county board's jurisdiction expires on a specified date.