**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5256-17T1

TAWANA SCOTT,

     Plaintiff-Appellant,

v.

TREETOP DEVELOPMENT, LLC,
W.T. APARTMENTS, LLC,
WILLIE T. WRIGHT PLAZA
APARTMENTS,

     Defendants-Respondents.

_____

Submitted March 25, 2019 – Decided April 10, 2019

Before Judges Messano and Rose.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-9086-14.

Law Offices of Stanley Marcus, PA, attorneys for appellant (Stanley Marcus, on the brief).

Gennet, Kallmann, Antin, Sweetman & Nichols, PC, attorneys for respondents (Richard S. Nichols, on the brief).

PER CURIAM

Plaintiff Tawana Scott filed a complaint against defendants, Treetop Development, LLC, W.T. Apartments, LLC and Willie T. Wright Plaza Apartments, the alleged owners, lessees or managing agents of a "commercial rental complex." Plaintiff alleged defendants' negligent failure to clear snow and ice from an adjacent sidewalk caused her to slip and fall causing a fractured ankle. Defendants moved for summary judgment, filing the motion electronically through eCourts, but defendants never served plaintiff or her counsel with the motion.

Understandably, plaintiff never filed opposition, nor did counsel appear to oppose the motion on its return date, March 29, 2018. The judge entered an order granting defendants summary judgment and dismissing plaintiff's complaint. Defense counsel served plaintiff's counsel with a copy of the order on April 5, 2018, along with a cover letter stating he was "sending [a] hard copy as it is not clear that you received the e-filed copy."[1]

On May 23, plaintiff filed a motion to vacate summary judgment and reinstate the complaint. In his certification, plaintiff's counsel averred "[a]n argument can be made that if defendant suspected we didn't receive an e-filed copy of the . . . [o]rder, we may not have received a copy of the moving papers.

---

[1] The letter was dated April 2, 2018, but is stamped "received" April 5, 2018.

. . . [W]e did not." Plaintiff did not specify under what court rule she sought relief.

Defendants opposed the motion, arguing it was untimely because plaintiff brought the motion fifty-five days after service of the order. See R. 4:49-2 (providing that "a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it"); R. 1:3-4(c) (providing "[n]either the parties nor the court" shall enlarge the time). Defense counsel never certified that he actually served the summary judgment motion, but, rather, he stated that defendants extended a settlement offer by email after the motion was filed, which referenced the pending motion.

In reply, plaintiff's counsel attached copies of the court's records that demonstrated defendants failed to serve the summary judgment motion. Counsel also certified that defendants' motion papers failed to include the certification of service required by Rule 1:5-3. Plaintiff argued the motion was not governed by Rule 4:49-2, but rather by Rule 1:13-1, (permitting correction of "[c]lerical mistakes . . . at any time . . . ."), or Rule 4:50-1(a) or (f) (permitting court to vacate final judgment because of "mistake, inadvertence, surprise, or

excusable neglect[,]" or for "any other reason justifying relief from the operation of the judgment . . . .").

At oral argument, plaintiff's counsel clarified he was not seeking to "amend" the order, nor was he seeking its "reconsideration." Rather, he wanted "a chance to be heard" on defendants' summary judgment motion because plaintiff "was never served" notice. Defendants contended non-service of the summary judgment motion was "irrelevant" because defendants' service of the order was the "event that triggered [plaintiff's] duty to respond . . . within the time of the [r]ules."

In denying the motion, the judge explained to plaintiff's counsel:

> [A]s soon as you got service with the order, which obviously came out of the blue [be]cause you didn't know there was a motion pending, . . . something should have been done immediately to . . . vacate or otherwise address the issue that . . . [you] didn't get the motion.
>
> But you [had] . . . almost . . . six weeks. And the court . . . understands that, . . . things should be heard on the merits. . . . But the procedural issues here, especially with . . . the ways the [r]ules are constructed, matter.
>
> . . . I appreciate the plaintiff's position[, but] . . . the [r]ules are clear. I think the law is clear. . . . I think too much time has passed between . . . April 5[] and . . . May 23[]. . . . I'm not allowed to relax the [r]ule in that regard, so I'm . . . going to deny the application.

4

The judge entered an order denying the motion. This appeal followed.

The parties reiterate before us the arguments made in the Law Division. We reverse.

Undoubtedly, "a motion to vacate is included within Rule 4:49-2." Baumann v. Marinaro, 95 N.J. 380, 391 (1984); see Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2019). However, whether the motion is properly considered under that rule or Rule 4:50-1 depends on the reasons asserted for the vacatur.

By its own terms, Rule 4:49-2 requires the movant to "state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred . . . ." (emphasis added). To be successful under Rule 4:49-2, the movant must demonstrate "(1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 405 (App. Div. 2018) (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)). Relief under the rule focuses on the substantive decision reached by the court in entering judgment. See Casino

Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006) (holding a motion to vacate that "requested reconsideration of the matter on its merits" was properly decided under Rule 4:49-2).

Here, of course, plaintiff never had the opportunity to oppose the motion on its merits because defendants never served the motion. Plaintiff's motion did not ask the judge to re-examine the facts or law that led him to grant summary judgment in the first place.

In Baumann, the Court held that a party may not invoke Rule 4:50-1 to circumvent the time limits contained in Rule 4:49-1.[2] 95 N.J. at 392. Indeed, defendants' primary argument, which carried the day before the motion judge, was that plaintiff's motion was a dilatory attempt to avoid Rule 4:49-2's strictures. However, the Court in Baumann also held that parties are "not automatically foreclosed from relief under Rule 4:50-1 because they failed to make a timely motion under Rule 4:49-1." 95 N.J. at 393. In Baumann, the Rule 4:50-1 motion "encompass[ed] errors at the trial and errors occurring after trial[,]" and, therefore, the defendants were not using the rule to circumvent the

---

[2]  Rule 4:49-1(b) requires a motion for a new trial be brought "not later than [twenty] days after the court's conclusions are announced in nonjury actions or after the return of the verdict of the jury." The rule is among the list of rules in Rule 1:3-4(c) that also may not be relaxed.

time limits in Rule 4:49-1.  Id. at 392.  As the Court has explained since Baumann,

> The very purpose of a Rule 4:50 motion is not, as in appellate review, to advance a collateral attack on the correctness of an earlier judgment.  Rather, it is to explain why it would no longer be just to enforce that judgment.  The issue is not the rightness or wrongness of the original determination at the time it was made but what has since transpired or been learned to render its enforcement inequitable.
>
> [In re Guardianship of J.N.H., 172 N.J. 440, 476 (2002).]

Here, plaintiff sought relief based upon knowledge acquired after the improper entry of summary judgment, namely, that defendants had in fact moved for summary judgment and never served plaintiff with the motion.  In short, the judge misapplied the law when he held plaintiff's motion was untimely under Rule 4:49-2 and failed to consider the motion under Rule 4:50-1.

A trial court's decision on a Rule 4:50-1 motion "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."  US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing DEG, LLC v. Twp. of Fairfied, 198 N.J. 242, 261 (2009)).  In other circumstances, we might remand the matter to the trial court now to consider plaintiff's motion using the proper legal framework.  However, we see no reason

7

to do so in this case because the undisputed facts establish plaintiff's entitlement to relief.

Plaintiff invoked subsections (a) and (f) of <u>Rule</u> 4:50-1 before the motion judge, and asserts the same subsections of the rule in her appellate brief.  Under (a), relief is premised upon "mistake, inadvertence, surprise, or excusable neglect"; under (f), a catchall provision, relief is warranted for "any other reason . . . ."  Relief under (f) is appropriate "only when 'truly exceptional circumstances are present.'"  <u>Guillaume</u>, 209 N.J. at 468 (quoting <u>Hous. Auth. of Morristown v. Little</u>, 135 N.J. 274, 286 (1994)).  However, "[w]hile . . . useful, it is not absolutely imperative for the application to state the particular subsection pursuant to which relief from the judgment is sought."  Pressler & Verniero, cmt. 3 on <u>R.</u> 4:50-1.

Under subsection (d) of the rule, a judgment may be set aside if "void."  "Defective service that results in a 'substantial deviation from service of process rules' typically makes a judgment void."  <u>M & D Assocs. v. Mandara</u>, 366 N.J. Super. 341, 352-53 (App. Div. 2004) (quoting <u>Jameson v. Great Atl. & Pac. Tea Co.</u>, 363 N.J. Super 419, 425 (App. Div. 2003)).  In <u>Sobel v. Long Island Entertainment Products, Incorporated</u>, 329 N.J. Super. 285, 294-95 (App. Div.

2000), we vacated and remanded a default judgment due to the moving party's noncompliance with service requirements.

Similarly, in Zoning Board of Adjustment of Sparta Township v. Service Electric Cable Television of New Jersey Incorporated, we considered a trial court's grant of a motion for a stay when the opposing party was not served with the motion. We held that the "court abused its discretion by not dismissing the motion or at least postponing decision of the motion until [the opposing party] had an opportunity to appear and be heard in opposition to it." 198 N.J. Super. 370, 378-79 (App. Div. 1985) (citing Kohn Bakery, Inc. v. Terracciano, 147 N.J. Super. 582, 584-85 (App. Div. 1977)). We held "[d]ue process demanded nothing less." Id. at 379. Plaintiff is entitled to have the judgment vacated under subsection (d).

Plaintiff was also entitled to relief under subsection (f). Denying her the opportunity to oppose a dispositive motion because of defendants' defective service is an extraordinary circumstance, and implicates principles of equity, justice and due process. See Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966). Plaintiff's motion to vacate was timely served under either subsection. R. 4:50-2.

A-5256-17T1

We reverse the order under review, and vacate the order granting summary judgment and dismissing plaintiff's complaint. Of course we do not consider the merits of defendants' summary judgment motion and, therefore, do not foreclose their ability to seek the relief anew via a motion properly served pursuant to our Rules of Court.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-5256-17T1